## STEELE *v.* CULVER.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION.

No. 393. Submitted June 1, 1908.—Decided October 26, 1908.

Where jurisdiction of the Circuit Court depends on diversity of citizenship, the parties may be rearranged according to their real interests.

Where a party defendant should be aligned as a party plaintiff, is a necessary party, and is a citizen of the State of which the other defendants are citizens, the Circuit Court has not jurisdiction.

In order to confer jurisdiction on the Circuit Court, one who is a necessary party cannot be omitted merely on account of his insolvency.

A judgment against a surety cannot be impeached so long as the judgment against the principal on which it is based stands, and in a suit brought by the surety to set both judgments aside, the principal is a necessary party plaintiff.

THE facts are stated in the opinion.

*Mr. Thomas J. Cavanaugh* and *Mr. L. A. Tabor,* for appellees, in support of motion to dismiss or affirm:

The defendant railroad company should be the complainant in the case—in fact it is the party naturally burdened with the responsibility of applying for relief. It is not made a complainant in express terms, nor is any reason set forth in the bill why it was not made the sole complainant or at least one of the complainants. There is no reason assigned why it is made a defendant. No relief is asked against it. In fact, relief is asked for it. Therefore while it appears as a defendant, in reality it is a complainant, and there is no diversity of citizenship and no jurisdiction to entertain the bill. *Doctor* v. *Harrington,* 196 U. S. 579; *Dawson* v. *Columbia Trust Co.,* 197 U. S. 178. See also *Groel* v. *United Electric Co. of N. J.,* 132 Fed.

Rep. 252; *McClellan* v. *Kane,* 154 Fed. Rep. 164; *Dodge* v. *Wolsey,* 18 How. 340.

In this case the railroad company is a necessary party and it, like the other defendants, is a resident of Michigan. While it is made a defendant the court will look beyond the pleadings and arrange the parties according to their sides in the dispute, *Dawson* v. *Trust Co., supra,* and when that is done the railroad company is on the complainant's side. The fraud alleged in the bill of complaint is said to have been committed against it and not against any of the complainants. Its interests are not antagonistic to the complainants. In fact the complainants and the defendant railroad company are friends. No difference or collision of interests or action is alleged or even suggested and relief is asked in behalf of the defendant railroad company. It would seem, then, that the arrangement of the parties in this bill is merely a contrivance between friends for the purpose of founding a jurisdiction which otherwise would not exist and the device ought not to be allowed to succeed.

It is the corporation as a corporation which has to determine whether it will make anything that is a wrong to the corporation a subject-matter of litigation or whether it will take steps to prevent the wrong from being done. *Hawes* v. *Oakland,* 104 U. S. 450; *Corbus* v. *Alaska Mining Co.,* 187 U. S. 455.

Until it refuses to redress the wrong no person incidentally or otherwise injured or benefited, not even a stockholder, can maintain a suit.

In the present case the railroad company is very deeply interested in the litigation. If the judgment is set aside or enjoined it is benefited to that extent. It is a citizen of Michigan.

It can proceed in its own behalf now or if it refuses to act an interested stockholder might act for it in the state courts.

*Mr. Edward Maher, Mr. W. J. Barnard* and *Mr. Ernest Dale Owen,* for appellants, opposing the motion to dismiss or affirm:

The question sought to be raised by the motion is the fundamental one as to whether the lower court had jurisdiction to

entertain the bill. Such a question will come up only upon the
final hearing.

Admitting that the court has the right to align the parties
as complainant or defendant according to their real interest
in the controversy and that if the railroad company is an
indispensable party, being of the same citizenship as the
defendants in this suit, the lower court had no jurisdiction to
retain the bill, we maintain that the railroad was *not* an
indispensable party.

If the result of the decree were to coerce the railroad com-
pany and the result of the decree should compel that company
to do or not to do a certain thing it might, perhaps, with more
propriety be said that it was indispensable to a final determi-
nation of the questions involved. This, however, is not the
case.

We have the situation, then:

First, that no attempt is made to procure any control of the
actions of the railroad company.

Second, from the inherent situation arising from the fact that
the railroad company is insolvent, it cannot be made to pay the
judgment.

That if it did pay the judgment Steele must repay the
amount at once to the company. Indeed, must pay it in the
first instance.

It would be permitting technical and empty considerations
to control against substantial and important rights practically
presented by the record, for the court to refuse to hear the case
for Steele and the Maryland Company.


MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity to prohibit the collection of a judg-
ment rendered by a Michigan state court against a railroad com-
pany, and also of a judgment against the plaintiff corporation
upon a bond given by it as surety when the railroad took the
case to the Supreme Court of the State. See *Culver* v. *South*

*Haven & Eastern R. R. Co.,* 144 Michigan, 254; *Culver* v. *Fidelity & Deposit Co.,* 149 Michigan, 630. The ground is that the original judgment was got by fraud. The plaintiff Steele had contracted with the surety company and also with purchasers of the railroad to pay the judgment against the latter if recovered, and joins as plaintiff on the footing that he is the real party in interest. The railroad company is made a defendant, but it is a Michigan corporation, and, as the other defendants are citizens and residents of Michigan, if it should be aligned with the plaintiffs the necessary diversity of citizenship would not exist. The Circuit Court dismissed the bill on demurrer for want of jurisdiction and allowed an appeal with a certificate that the want of the requisite diversity of citizenship and consequently of jurisdiction was the sole ground of the decree. The case is before us upon a motion to dismiss or affirm.

The appellants candidly admit that for a decision upon jurisdiction the parties may be arranged according to their real interests and that if the railroad company is an indispensable party the decision below was right. But they urge that it is alleged that the railroad is insolvent, that no relief is asked against it, but it is left free to pay the judgment if it desires to and can, and that the real parties in interest are the plaintiffs, and especially Steele, upon whom, it is said, the burden ultimately must fall. These arguments do not seem to us to need an extended answer. With regard to the alleged insolvency it is a strange proposition that a defendant is not an indispensable party to an attempt to stop the collection of a judgment against him because at the moment his property is not sufficient to pay his debts. The railroad was sole master of the litigation against itself and we must assume is coöperating with the plaintiff in the present case. It seems to us equally strange to suggest that a contract of a stranger with a stranger can affect the interest of the party immediately concerned. The omission of any prayer for relief against the railroad simply shows that properly it is to be treated as a plaintiff in this case. *Dawson* v. *Columbia Trust Co.,* 197 U. S. 178, 180, 181.

It is suggested that the controversy as to the judgment against the Security Company is separable, and that relief may be given against that at least without the presence of the railroad. But the only ground on which that judgment is complained of is that that against the railroad, upon which it is based, was obtained by perjury and fraud. So long as the judgment against the railroad stands, that against its surety cannot be impeached. By its bond the surety undertook to pay the judgment, if rendered, against its principal, whether right or wrong. If the principal remains liable under that judgment the surety is bound to pay. *Krall* v. *Libbey*, 53 Wisconsin, 292; *Piercy* v. *Piercy*, 1 Iredell Eq. 214, 218. But the principal cannot be relieved by a proceeding behind its back.

There is a further allegation in the bill that, pending the proceeding, Culver, the plaintiff in the original suits, was adjudged a spendthrift, and that a guardian was appointed but was not substituted for Culver in these suits. A hope is expressed that if the case proceed to oral argument some reason may occur for attributing more importance to these facts than is disclosed at present. But that is an illusion. The bill, as we have said, is founded solely on allegations of fraud in getting the first judgment, and must be maintained upon them if upon any. The railroad company is an indispensable party if that issue is to be tried. It is unnecessary to consider other objections to the suit.

This court has jurisdiction to declare the Circuit Court's denial of its own jurisdiction correct. But we regard the decision of the Circuit Court as so plainly right that the appeal should be dismissed as frivolous.

*Appeal dismissed.*