### STEWART et al. v. MITCHELL et al.

### ROSS v. HURST.

(Circuit Court, W. D. Tennessee, E. D. May 24, 1909.)

#### Nos. 241, 243.

COURTS (§ 317*)—JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP —REARRANGEMENT OF PARTIES.

A controversy between two factions in a local church, each having a pastor and a governing board of elders all of whom are citizens of the same state, and each claiming the exclusive right to control and use the church building and property, cannot be brought by members of one faction who are citizens of other states against the pastor and elders of both factions but asking relief against one side only by injunction to restrain them from interfering with their codefendants in the use and occupation of the property. In such case, the defendants who belong to the same faction as complainants are not merely formal parties but the real controversy is between them and their codefendants and requires that they be considered as complainants for the purpose of determining the court's jurisdiction.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 317.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

In Equity. On plea in abatement.

The bill in this case is filed by Robert P. Stewart and Mrs. Etta Stone, by her husband and next friend, Lowry Stone, citizens of the state of Kentucky, and Roy Adcock, a citizen of the state of Alabama, against O. E. Gardner, H. C. Ward, N. C. Swearingen, J. L. McAdams, J. B. McAdams, A. C. Aiken, J. B. Reed, H. F. Hudson, Joe Hatcher, J. L. Shannon, R. D. Jones, W. M. Capps, and W. W. Mitchell, J. W. Dudley, F. M. Jackson, Nathan Mitchell, George Mitchell, Will Womble, Cullie Foust, John Foust, M. A. Wilson, and P. F. Johnson, all of whom are citizens of Tennessee.

H. H. Barr, R. A. Elkins, and John M. Gaut, for complainants.
W. C. Caldwell, for defendants.

McCALL, District Judge. The complainants are nonresidents, and allege in the bill that they are members in good and regular standing in a religious society at the town of Greenfield, Tenn., known as the Greenfield Presbyterian Church (sometimes called the First Cumberland Presbyterian Church), and that they have a lot and a house of worship located in said town, which is described in the bill. It is alleged also that a certain other lot described in the deed (which is

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

made an exhibit to the bill), was conveyed to the elders of the Cumberland Presbyterian Church and their successors at Greenfield, Tenn., August 18, 1903, by Mrs. T. T. Perry, on which has been erected a manse.

The relief sought by the complainants, as stated in the prayer of the bill, is that the court decree that said church, meaning the Presbyterian Church in the United States of America, and the elders thereof, named as defendants in the bill, and their successors and associates in office, hold the said title to said properties in trust for the exclusive use and benefit of the Greenfield Presbyterian Church, the congregation, of which Rev. O. E. Gardner, one of the defendants, is the pastor, and who adheres to the Presbyterian Church in the United States of America, and that the session of said church have the exclusive right to control the possession and use of the said properties, and the pastor employed by it have the sole right to occupy its pulpit and conduct its services. They pray that the other defendants to the bill. and all whom they represent, and all who are combined or associated with them, be restrained by injunction from taking or attempting to take possession of the house of worship and manse described therein, or from interfering with the pastor of said church, or his successor, or successors, in the conduct of the religious exercises or other functions as pastor, and from in any manner, by suit or otherwise, disturbing or interfering with complainants, said congregation, its pastor. officers, or members in the possession, use, or enjoyment of said property, or properties, and for general relief. No injunctive relief is prayed for against the defendants, O. E. Gardner, pastor, and the elders of the Greenfield Presbyterian Church in the United States of America.

This litigation grows out of the uniting, or the attempt to unite, the Presbyterian Church in the United States of America and the Cumberland Presbyterian Church.

The jurisdiction of this court is challenged by a plea in abatement, filed by the defendants W. W. Mitchell, J. W. Dudley, F. M. Jackson, Nathan Mitchell, William Womble, Cullie Foust, John Foust, M. A. Wilson, elders, and P. F. Johnson, pastor, of the Cumberland Presbyterian Church at Greenfield, Tenn. Without setting out in extenso the plea in abatement, it may be stated that the grounds relied upon in the plea are:

(1) That the complainants have no actionable interest.

(2) That the amount involved in controversy is less than $2,000.

(3) That the elders and trustees of the Presbyterian Church in the United States of America were made defendants by collusion for the purpose of giving this court jurisdiction of this case, in that said elders and trustees have a common interest in the controversy with complainants. That said elders and trustees should have been joined with complainants. That their interest and that of their codefendants are antagonistic. That the rearrangement of the parties would oust this court of jurisdiction for lack of diversity of citizenship.

(4) That the questions involved have been determined adversely to complainants' contention by the Supreme Court of Tennessee in the case of Landrith v. Hudgins, and that this is an action brought

to escape the jurisdiction of the state courts and the effect of that decision.

There has been no issue joined on the plea in abatement, but it has been set down for argument for insufficiency. Under the practice in Tennessee, it will be assumed that the allegations in the plea in abatement are true, and the only question we have for consideration now is whether they are sufficient. From the plea in abatement we learn that certain of the defendants are elders and pastor of the Cumberland Presbyterian Church of Greenfield, Tenn., and certain other defendants are the elders and pastor of the Presbyterian Church in the United States of America at Greenfield, Tenn. It is alleged and admitted that all of the defendants are citizens of Tennessee. The complainants, as is alleged, are citizens of Kentucky and Alabama. This diverse citizenship of the complainants and the defendants, as it appears on the face of the bill, would give this court jurisdiction of this case, provided the amount involved exceeds the sum of $2,000, exclusive of interest and costs. The statutes defining the jurisdiction of the Circuit Court confer it, among other cases, where there shall be a controversy between citizens of different states in which the matter in dispute exceeds, exclusive of interest and costs, the sum and value of $2,000. Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508).

It is alleged in the plea in abatement that this arrangement of the parties to the suit by the pleader is improperly and collusively made for the purpose of showing a diversity of citizenship and of creating a case cognizable in this court, in that the interest of the defendants, O. E. Gardner, pastor, and the elders of the Presbyterian Church in the United States of America, is the same as that of the complainants, and they should, in fact, have been joined as parties complainant. It is argued by counsel for the Cumberland defendants that, notwithstanding this arrangement of the parties to the suit by the pleader in placing all of the complainants as nonresidents, and all of the defendants as residents of Tennessee, so as to show the diversity of citizenship required by law, necessary to confer jurisdiction on this court, the court will look beyond this arrangement of the parties by the pleader, and arrange them according to their actual interest in the dispute in determining whether or not it has jurisdiction.

Where the jurisdiction of the United States Circuit Court depends on diversity of citizenship, the parties may be rearranged by the court according to their real interest, in determining whether there is a diversity of citizenship such as would confer jurisdiction upon it. Steele v. Culver, 211 U. S. 26, 29 Sup. Ct. 9, 53 L. Ed. 74; Venner v. Great Northern Railroad, 209 U. S. 25, 28 Sup. Ct. 328, 52 L. Ed. 666, and cases there cited; Dawson v. Columbia Trust Co., 197 U. S. 178, 25 Sup. Ct. 420, 49 L. Ed. 713; Removal Cases, 100 U. S. 468, 25 L. Ed. 593. Hence it is the duty of this court, in determining the sufficiency of this ground in the plea of abatement, to examine the pleadings and arrange the parties according to their respective interests, and, when so rearranged, to determine if it has jurisdiction.

From an examination of the bill, it is clearly deducible that the Union defendants, consisting of the Rev. Mr. Gardner, pastor, and

the Union elders, have a common interest with the complainants, since they are the pastor, members, and officers of the Presbyterian Church in the United States of America, and have a common interest in holding and having the use of the church property and the manse described in the bill. Upon the other hand the interest of the defendants, the Cumberland pastor, Rev. P. F. Johnson, and the elders of that church, is antagonistic to their codefendants, the Rev. Mr. Gardner and his elders, in that the former are alleged by the bill to be claiming the right to the possession and use of the church and manse in controversy, while the latter are in possession. So that we find that the interests of these two classes of defendants are antagonistic, and that the interest of one class of defendants and the complainants are identical, while the interest of the other class of defendants is antagonistic to the complainants.

Does that interest of these two classes of defendants, such as it is, make them necessary parties to this suit? Learned counsel for the complainants evidently so understood it, else why should they have made the Union pastor and elders parties at all? If this court is to grant the prayer of the bill and decree which pastor and which set of elders are entitled to hold, use, and control the church property, it would seem that all of them are necessary parties, and I am so inclined to hold. It appears from the bill that the Union elders and their pastor are in possession of the church and manse at present, and all that is asked in their behalf in the bill is that the court decree that they continue to hold the title to said property in trust. There is nothing in the bill showing or tending to show that they have at any time shown any inclination to discontinue to hold the title to said property in trust for the use and benefit of the congregation of the Greenfield Presbyterian Church. Neither is there anything in the bill tending to show that the Rev. O. E. Gardner, the pastor of the United Church in question, has shown any inclination to decline to occupy the pulpit or conduct its services. Why these defendants, the Unionists, should be made parties defendant to this suit, when there is no prayer for relief as against them in any form, is difficult to understand, except upon the ground that they were deemed to be necessary parties and were made codefendants with Rev. P. F. Johnson, pastor of the Cumberland Church, and the elders thereof, for the purpose of conferring jurisdiction upon this court, which would not exist had they been joined with complainants.

The real and only relief that is sought is to restrain the Cumberland pastor and his elders from interfering with their codefendants, Rev. Mr. Gardner and his elders; from attempting to or taking possession of the house of worship and the manse; or from interfering with the pastor, Rev. O. E. Gardner, or his successors, in the conduct of religious exercises or functions as pastor; and from in any manner, by suit or otherwise, disturbing or interfering with complainants, said congregation, its pastor, officers, or members in the possession, use or enjoyment of said property.

From what has been said, it follows that the parties to the suit must be rearranged. Since the interests of O. E. Gardner, pastor of the Union Church, and the elders of said Union Church, are identical with

complainants, they must be considered as complainants for the purpose of the disposition of this question of jurisdiction. To my mind it is clear that they were made defendants for the purpose of presenting a case of diversity of citizenship and thus conferring jurisdiction, and reopening in the United States court a controversy which had been decided in the courts of the state. Steele v. Culver, 211 U. S. 26, 29 Sup. Ct. 9, 53 L. Ed. 74; Venner v. Great Northern Railway, 209 U. S. 25, 28 Sup. Ct. 328, 52 L. Ed. 666; Dawson v. Columbia Trust Co., 197 U. S. 178, 25 Sup. Ct. 420, 49 L. Ed. 713.

Complainants rely upon the case of Watson v. Jones, 13. Wall. 723, 20 L. Ed. 666. The question of want of jurisdiction upon grounds of diverse citizenship was not raised in that case, and therefore it cannot be taken as authority in determining that question before this court in this case. It appears that prior to the judiciary act (Act March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508]), in determining the question of jurisdiction, based on a diversity of citizenship, the rights of the parties with respect to jurisdiction based upon a diversity of citizenship were determined solely according to the position they occupied as complainants or defendants on the face of the pleadings. Under the new law, the mere form of the pleadings may be put aside, and the parties placed upon different sides of the matter in dispute, according to the facts. Removal Cases, 100 U. S. 469, 25 L. Ed. 593; Coal Co. v. Blatchford, 11 Wall. 174, 20 L. Ed. 179. The case of Watson v. Jones, supra, was decided prior to the act of 1875, at a time when the arrangement of the parties to the suit as they appeared on the face of the pleadings alone were considered in determining the rights of the parties touching the jurisdiction of the court, when based on diversity of citizenship. The cases relied upon by the complainants to sustain their contention on this question of jurisdiction, based on diverse citizenship, have no application, in my judgment, to the case at bar.

Without discussing or determining the other questions raised by the plea in abatement, I hold that, on a proper rearrangement of the parties to the suit, the diversity of citizenship required by the statute to confer jurisdiction upon this court does not exist. The plea is therefore held to be sufficient in law. Act March 3, 1875, c. 137, § 5, 18 Stat. 472 (U. S. Comp. St. 1901, p. 511).

An order will be entered, denying the injunction applied for, and dismissing the bill for want of jurisdiction, with costs.

A similar order will be entered in No. 243, C. M. Ross et al. v. Robert Hurst et al.