**BERG et al. v. MERCHANT et al. [*]**

(Circuit Court of Appeals, Sixth Circuit. November 9, 1926.)

No. 4610.

**1. Courts ⬳317.**

Where diversity of citizenship is sole ground of jurisdiction, parties will be aligned in accordance with real interest in controversy, to determine whether there is such diversity, and, if no diversity exists, action will be dismissed.

**2. Wills ⬳222.**

Right to contest will is statutory, and essential conditions imposed by state statute must control, though action is in federal court.

**3. Wills ⬳267.**

In will contest, heirs at law *held* indispensable parties, in view of Gen. Code Ohio, §§ 12079, 12080, 12087, notwithstanding section 10213; "must," in section 12080, requiring heirs at law to be made parties not being construable as "may."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Must.]

Action by May Berg and another against Harry J. Merchant and others. A demurrer to the petition was sustained, and plaintiffs bring error. Affirmed.

I. J. Ringolsky, of Kansas City, Mo., and Harold W. Fraser, of Toledo, Ohio (Ringolsky, Friedman & Boatright and Johnson & Lucas, all of Kansas City, Mo., Wm. P. Maloney, of Marion, Ohio, and Fraser, Hiett, Wall & Effler, of Toledo, Ohio, on the brief); for plaintiffs in error.

John H. Bartram, J. H. Eymon, Mouser, Young & Mouser, and Guthery, Strelitz & Guthery, all of Marion, Ohio, for defendants in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge. Plaintiffs in error, who are nonresidents of the state of Ohio, brought an action to contest the will of Burr Raichley, deceased, who, at the time of his death, was a resident of Marion county, Ohio, to which action the executors of the will, legatees, next of kin, and heirs at law of Burr Raichley were made parties defendants. The executors and some of the other defendants filed a demurrer to this petition upon two grounds: First, that the court had no jurisdiction of the subject-matter of this action; second, that the petition on its face shows that a number of the defendants, who are next of kin and heirs at law of the testator, are residents of the state of Ohio, and that "each of them are parties identical in interest in this cause, and that the interest of, the plaintiffs in the subject-matter of this action is not adverse to the interest of said defendants resident of and having their domicile in the state of Ohio as aforesaid, or adverse to the interest of any one of them." The trial court overruled the demurrer upon the first ground, but sustained it upon the second.

It appears from the petition that a number of the defendants, who are next of kin and heirs at law of Burr Raichley, deceased, are residents of the state of Ohio, and that some of them have received nothing under the will, but would inherit with plaintiffs under the Ohio statutes of descent and distribution if the will were set aside, and for that reason their interest in this controversy is identical with the interest of plaintiffs, and equally adverse to the interest of the executors, devisees, and legatees.

[1] Where diversity of citizenship is the sole ground of jurisdiction, the parties will be

*For opinion on application for rehearing, see 17 F.(2d) —.

aligned in accordance with their real interest in the controversy, and if, upon such alignment, there is no diversity of citizenship, the action will be dismissed. Niles-Bement Co. v. Iron Moulders Union, 254 U. S. 77, 41 S. Ct. 39, 65 L. Ed. 145; Steele v. Culver, 211 U. S. 26, 29, 29 S. Ct. 9, 53 L. Ed. 74; Dawson v. Columbia Trust Co., 197 U. S. 178, 180, 181, 25 S. Ct. 420, 49 L. Ed. 713; Davis et al. v. Henry (C. C. A. 6) 266 F. 261, and cases there cited.

It is claimed, however, on the part of plaintiffs in error, that notwithstanding they have made these heirs at law, who are citizens of the same state as the executors and legatees under the will, parties defendant to this action, yet they are not indispensable parties, and that relief may be given against the executors and legatees without the presence of these defendant heirs.

[2] The right to contest a will is not a right existing at common law, but a right conferred solely by statute. G. C. § 12079. Without such a statute in Ohio, the order admitting the will to probate would be final upon all parties. It necessarily follows that, where a plaintiff seeks to enforce a statutory right or a statutory remedy, the essential conditions imposed by the statute creating the right or providing the remedy must control, regardless of whether the action is pending in the state or federal courts. Farrell v. O'Brien, 199 U. S. 89, 25 S. Ct. 727, 50 L. Ed. 101, and cases there cited.

[3] Section 12080 of the General Code of Ohio provides that "all the devisees, legatees and heirs of the testator, and other interested persons, including the executor or administrator must be made parties to the action." While, under the provisions of section 10213 of the General Code of Ohio, the words of a statute are to be liberally construed, unless the context requires a strict construction, and the courts of Ohio have also held that the word "may" shall be read "must," where public interest or rights are concerned, or where something is directed to be done for the sake of justice or public good, yet the word "must" is so imperative in its meaning that no case has been called to our attention where that word has been read "may." Certainly there is no reason why it should be so read in this statute, which specifically provides that the heirs of the testator "must be made parties to the action."

In view of the provisions of sections 12079 and 12087, G. C., that any person interested in the will may bring an action to contest its validity, within one year after the will has been admitted to probate, the provision of section 12080 requiring that all interested persons must be made parties not only prevents a multiplicity of suits, but expedites the settlement of estates, and for these reasons, if for none other, a court would not be justified in reading the word "must" as "may," but, on the contrary, should give the word its usual and ordinary meaning. In the opinion of this court the Ohio statute, under favor of which this action is brought, peremptorily requires that all the heirs at law and other interested persons must be made party defendants; and a compliance with this requirement is a condition imposed on those who seek the benefit of the statute. Under the imperative provisions of this statute the heirs at law are indispensable parties to the validity of any judgment in an action to contest a will. Reformed Presbyterian Church et al. v. James P. Nelson et al., 35 Ohio St. 638; Bradford v. Andrews, 20 Ohio St. 208, 219, 5 Am. Rep. 645; Sears v. Stinehelfer, 89 Ohio St. 163, 105 N. E. 1047; Wallace v. Ludwig, 18 Ohio Cir. Ct. R. (N. S.) 422; Stevens v. Smith et al. (C. C. A. 6) 126 F. 706, 712, 61 C. C. A. 624.

This construction of the statute is not inconsistent with the decisions of the Supreme Court of Ohio, holding the judgment valid as to the parties to an action to contest a will when essential parties were omitted, where no objection based upon defect of parties was made at a time when, if made, it must have prevailed.

For the reasons stated, it is unnecessary to consider the question of jurisdiction of the subject-matter presented by the first ground of the demurrer, upon which question we express no opinion.

Affirmed.