## STATEN v. LOUISVILLE TRUST CO. et al.

District Court, W. D. Kentucky.
July 20, 1939.

B. M. Steiner, of Chicago, Ill., and Wilbur O. Fields, of Louisville, Ky., for complainant.

Squire R. Ogden, of Louisville, Ky., for defendant Louisville Trust Co.

MILLER, District Judge.

The defendant the Louisville Trust Company has moved to dismiss complainant's bill in equity for (a) lack of jurisdiction and (b) failure to state an equitable cause of action.

The complainant Ida M. Staten is a resident of Chicago, Illinois; the defendant The Louisville Trust Company is a Kentucky corporation with its principal place of business in Louisville, Kentucky; the defendant William B. Fahey is a resident of Louisville, Kentucky. Federal jurisdiction is claimed by the complainant by reason of diversity of citizenship and the necessary amount in controversy. The motion of the defendant The Louisville Trust Company to dismiss for lack of jurisdiction is based on the ground that its co-defendant Fahey is in reality a complainant in the action rather than a defendant, and that upon a realignment of the parties by the Court making Fahey a complainant diversity of citizenship does not exist.

Prior to November 5, 1931, Fahey owed the Trust Company $30,000 evidenced by a note secured by a pledge of 756 shares of the capital stock of the Kentucky Central Life and Accident Insurance Company. He was induced by officers of the Trust Company to purchase 500 shares of stock of the Banco Kentucky Company for the sum of $12,500 which amount he borrowed from the Trust Company, evidenced by his note for that amount and secured by the 756 shares of insurance company stock above referred to. Fahey claims that the purchase of Banco Kentucky stock was by reason of false and fraudulent representations made to him. Thereafter the Trust Company called on Fahey for additional collateral to secure the two loans and threatened to sell the insurance company stock if the collateral was not furnished. Fahey induced the complainant, who was his sister, to execute a note on November 5, 1931, to the Trust Company for $15,000, to secure which she pledged a $15,000 note secured by mortgage on Chicago real estate. Complainant's note was renewed from time to time until on January 5, 1934, the renewal note was executed in the sum of $18,154.08, representing principal and accrued interest. To protect the complainant in the transaction Fahey assigned to her all of his interest in the 756 shares of insurance company stock, subject to any interest which the Trust Company had therein to secure the indebtedness of Fahey to the Trust Company. Complainant claims that in the execution of the original note and its renewals she acted as surety for Fahey, and that by reason of being a married woman she was not liable on the instruments under Section 2127 of the Kentucky Statutes. Thereafter the note to the complainant secured by a mortgage on the Chicago real estate became in default and proceedings were instituted in Illinois to foreclose. As part of these proceedings a master's certificate of title was issued to the Trust Company.

During the year 1934 a dispute arose between the parties regarding their respective rights and liabilities, the complainant denying liability on her note to the Trust Company by reason of her alleged suretyship for Fahey, and Fahey denying liability for the $12,500 borrowed from the Trust Company to pay for the purchase of stock of the Banco Kentucky Company which had become worthless by reason of the company being forced into receivership. On September 12, 1934, a written agreement was entered into between complainant and the Trust Company by which the complainant executed her note to the Trust Company for $15,000 and the Trust Company surrendered to her as cancelled her existing note for $18,154.08. The $15,000 represented by this note was applied to the Fahey indebtedness to the Trust Company. The master's certificate secured in the foreclosure proceedings in Chicago was pledged as security on complainant's $15,000 note to the Trust Company with the agreement that the Trust Company would hold it until May 1, 1935, for redemption by the complainant. As a part of that transaction the Trust Company credited Fahey's note with the sum of $16,370.33, being the principal and accrued interest of the $12,500 borrowed by Fahey to buy the Banco Kentucky Company stock. Fahey executed a new note to the Trust Company for

$14,074.51. The complainant charges that because of many payments made on Fahey's obligation to the Trust Company, in addition to the credits granted by the Trust Company, the correct amount of this indebtedness was $10,767.50 instead of $14,074.51.

When complainant's note for $15,000 matured it was not paid and the Trust Company advised complainant on May 15, 1935, that the master's certificate representing its interest in the Chicago real estate had been sold for $5,000 and the proceeds therefrom credited on complainant's note, leaving a balance of $10,000 and interest. It is alleged, however, that a master's deed conveying the property to the Trust Company was issued on May 23, 1935, and recorded on October 5, 1935, and that the Trust Company assumed ownership and control of the Chicago real estate by virtue of this deed; that thereafter about August 10, 1937, the Trust Company conveyed the Chicago real estate to John H. Hardwick for a valuable consideration who took without notice of any rights of the complainant in the real estate. Complainant charges that the deed of May 23, 1935, conveying the property to the Trust Company merely gave the Trust Company legal title to the real estate to secure the indebtedness of the complainant to the Trust Company, and that the complainant still had an equitable interest in the real estate. She also charges that the fair and reasonable market value of the real estate at the time of its conveyance by the Trust Company was $15,000 and that she is entitled to have her indebtedness credited with $15,000 instead of $5,000 with which the Trust Company credited her note.

In March, 1938, the Trust Company claimed that Fahey owed it a balance of $8,544.22 and that the complainant owed it $10,266.84 and insisted that Fahey execute a new note for the total of these two amounts and threatened to sell the 756 shares of insurance company stock unless Fahey complied.

Complainant charges that her correct indebtedness to the Trust Company did not exceed $3,000, and that the correct indebtedness of Fahey to the Trust Company did not exceed $4,300, and that the total amount of any new note which the Trust Company would require Fahey to execute would not exceed $7,300. This action was filed by her alleging the foregoing facts, asking for an accounting with respect to the indebtedness of Fahey to the Trust Company, and that he be given credit for all sums paid by him, that the lien of the Trust Company against the 756 shares of insurance company stock be reduced to the proper amount, that her indebtedness to the Trust Company be reduced to the proper amount, that the Trust Company be required to accept the actual amount due it and deliver to her the 756 shares of insurance company stock, and that a restraining order be entered enjoining the Trust Company from disposing of the stock until further order of the Court. Fahey was made a party defendant to this action. A temporary injunction was issued by the Court. Thereafter the complainant filed an amendment to her complaint alleging that she had on numerous occasions requested Fahey to reimburse her for the loss sustained by her as a result from having acted as surety in his behalf which Fahey refused to do, that she would be unable to collect a judgment against Fahey but that there was a substantial equity in the 756 shares of insurance company stock to which she was entitled, and she offered to pay to the Trust Company all sums which might be found to be due it from Fahey and from the complainant.

The Court, in determining whether or not the requisite diversity of citizenship exists, is not controlled by the alignment of parties as made by the complainant. The question of jurisdiction depends on the real interest of the parties and is to be determined by the Court making the parties either plaintiffs or defendants as their real interest in the matter requires. If this realignment of the parties results in a plaintiff and a defendant being residents of the same State, then the requisite diversity of citizenship to give jurisdiction is lacking. City of Dawson v. Columbia & Fidelity Trust Co., 197 U.S. 178, 25 S. Ct. 420, 49 L.Ed. 713; Berg v. Merchant, 6 Cir., 15 F.2d 990; Gable v. Vonnegut Machinery Co., 6 Cir., 274 F. 66; Steele v. Culver, 211 U.S. 26, 29 S.Ct. 9, 53 L.Ed. 74; Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U.S. 77, 41 S.Ct. 39, 65 L. Ed. 145. In the present case it is very apparent that the interest of the complainant is tied up with the interest of the defendant Fahey. Both are indebted to the defendant The Louisville Trust Company, and the essence of the action is to have the combined indebtedness of these

304

two parties to The Louisville Trust Company reduced by an accounting to an amount materially less than that claimed by the Trust Company. Complainant claims a lien against the collateral pledged by the defendant Fahey to the Trust Company after the claim of the Trust Company against this collateral has been satisfied. Her interest is therefore in having Fahey's indebtedness to the Trust Company reduced to as small amount as possible. The amount of Fahey's obligation to the complainant is likewise controlled by the amount of his obligation to the Trust Company, and it is to his interest that his obligation to the Trust Company be reduced to as small amount as possible. The fact that the complainant may have a cause of action against the defendant Fahey in the amount of the indebtedness as finally determined and eventually liquidated is only incidental to the present proceedings. In this connection, it is to be noted that neither the petition nor the amended petition asks for any monetary judgment against the defendant Fahey. Such a situation is always one of importance in determining whether or not a collision of interests exists between the plaintiff and the defendant. As was pointed out by the Circuit Court of Appeals for the 6th Circuit in Detroit Tile & Mosaic Co. v. Mason Contractors' Association, 48 F.2d 729, 731, the Court should determine whether or not there is a collision of interests between the plaintiff and defendant or if the plaintiff is really attempting to enforce by the action a right of the defendant. As was said in that opinion: "The essential question is whether the complainant is seeking to enforce, in whole or in part, a right of the defendant sought to be realigned as a complainant; and, if so, whether such defendant is an indispensable party so as, of necessity, to destroy the diversity of citizenship."

As to whether or not a party is an indispensable one, the rule has been often stated that a party is an indispensable one under the following circumstances: "Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158; Niles-Bement Co. v. Iron Moulders' Union, 254 U.S. 77, 80, 41

S.Ct. 39, 65 L.Ed. 145. See Waterman v. Canal-Louisianna Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80.

Applying the above tests to the facts in the present case the Court is of the opinion that the defendant Fahey is an indispensable party to this action, and that his interests are in reality aligned with those of the complainant rather than being in collision with the interests of the complainant, and accordingly Fahey should be realigned as a party complainant instead of a party defendant. Under this realignment diversity of citizenship does not exist and the motion to dismiss for lack of jurisdiction should be sustained. The ruling on this point makes it unnecessary to pass upon the defendant's motion to dismiss the bill for lack of equity.