## STATE FARM MUT. AUTOMOBILE INS. CO. v. HUGEE et al.

### No. 4673.

Circuit Court of Appeals, Fourth Circuit.

Nov. 12, 1940.

Samuel Want, of Darlington, S.C., and Jack Wright, of Florence, S. C. (Royall & Wright, of Florence, S. C., on the brief), for appellant.

W. Marshall Bridges, William H. Smith, and P. H. McEachin, all of Florence, S. C. (McEachin & Townsend and W. Stokes Houck, all of Florence, S. C., and John D. Nock, of Cheraw, S. C., on the brief), for appellees.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order dismissing a complaint in an action instituted to obtain a declaratory judgment under 28 U.S.C.A. § 400. Plaintiff is an insurance company of the State of Illinois. It had issued a policy of automobile liability insurance to Patton's, Inc., one of the defendants, a South Carolina corporation, operating a laundry in that state. The policy covered a laundry truck of Patton's while being operated for commercial purposes, and one of its clauses provided that plaintiff would defend any suit for damages against Patton's arising out of the operation of the truck, even though such suit should be "groundless, false or fraudulent". Other defendants are citizens of South Carolina who were injured in a collision between the truck and a bus, the driver of the bus, the bus companies which owned .and operated the bus, and the administra-

tor of the truck driver, who was killed in the collision.

The complaint as amended alleged that the truck was not being operated for commercial purposes at the time of the collision but was being operated by the driver, one McRae, "for purposes purely personal to himself"; that claims for damages arising out of the collision were not within the coverage of the policy for that reason; that Patton's had demanded that plaintiff defend any claims made against it in connection with the collision; that claims had been filed against Patton's by persons injured; that suits were about to be brought on the claims against Patton's; and that in the event of recovery in these suits claims would be made against plaintiff under the policy. It is alleged also that plaintiff would be required to employ counsel to defend the suits against Patton's and averred that the court was empowered under the Declaratory Judgment Act "to determine herein, for the benefit of all parties plaintiff and defendant, whether in fact and in law, at the time of the aforementioned incident (accident), the defendant, Patton's, Inc., is liable to the other defendants herein or any of them, and accordingly whether, under the same facts and circumstances, any liability attaches under the terms of plaintiff's policy to the defendant, Patton's Inc., and to the other defendants and in that regard the plaintiff alleges that under a proper construction of the terms of its aforesaid policy, under the facts above set forth, no liability under said policy exists, and that this plaintiff should not be put to the expense of litigating said question in the numerous individual suits that will be brought against Patton's, Inc., and against the representatives of the McRae estate involving that identical issue, but that said issue should be adjudicated herein and the question of the plaintiff's liability under the terms of its aforesaid policy should be declared in this cause."

The prayer for relief was as follows: "(1) That none of the defendants is entitled to recover from the plaintiff the amount of said policy or any part thereof.

"(2) That each of the defendants be restrained from instituting any action against the plaintiff for the recovery of the amount of said policy or any part thereof.

"(3) That if the Court shall determine that any of the defendants are entitled to a recovery against Patton's, Inc., in such manner or under such circumstances as to involve liability on the part of the plaintiff under the terms of its aforementioned policy, then in such event the defendants be required to interplead among themselves in this Court in the present cause for the purpose of determining the respective rights and liabilities of the parties to this cause.

"(4) That the plaintiff recover its costs, and for such other and further relief as may be requisite and proper in the premises."

The defendants other than Patton's filed answers vigorously contesting the allegations of the complaint and denying the jurisdiction of the court to grant the relief prayed. Patton's filed no answer, but appeared by the same attorneys who represent plaintiff. At the hearing before the judge below they abandoned the prayer that defendants be restrained from instituting any action for recovery under the policy, but insisted on their right to a declaratory judgment. The judge dismissed the complaint on the ground that there was no actual controversy between plaintiff and Patton's, and plaintiff has appealed. In this court it has abandoned its prayer that defendants be required to interplead among themselves.

It is perfectly clear from the face of the complaint that there is no controversy between plaintiff and Patton's, either as to plaintiff's liability for the claims or as to its duty to defend suits for their enforcement. On the contrary, plaintiff alleges that it is liable to the extent of its policy for any judgment which may be obtained on such claims and that it must defend any suit thereon "even if such suit is groundless, false or fraudulent." A declaratory judgment, therefore, could not relieve plaintiff of the duty of defending suits against Patton's, except as a result of adjudicating the claims which are being asserted against Patton's, and, as we have seen, there is no controversy as to these between plaintiff and Patton's. The only controversy of either, therefore, is the controversy which they have with the claimants as to the liability of Patton's; and both deny liability for the same reason, i. e., that the driver of the truck was not operating same for a commercial purpose but for purposes purely personal to himself. The position of plaintiff then comes to this: that because the operator of a motor vehicle is insured by an out of state insurance company that agrees under its policy to de-

fend suits against the insured, claims against the insured may be dragged into the federal courts for litigation, notwithstanding that the insured and claimant are citizens of the same state and notwithstanding that there is no controversy of any sort between the insured and the company. Merely to state such a proposition is to answer it, when it is remembered that a bona fide controversy between citizens of different states is necessary to support jurisdiction which depends on diversity of citizenship.

It is well settled that relief under the federal declaratory judgment statute must be sought within the limits of the jurisdiction of the federal courts. Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. The only possible ground of jurisdiction here is diversity of citizenship; and, when the parties are aligned in accordance with their respective interests, Patton's must be aligned with plaintiff and the necessary diversity of citizenship is destroyed, as most of the defendants are citizens of the same state as Patton's. The rule applicable to such a situation was thus stated in Helm v. Zarecor, 222 U.S. 32, 32 S.Ct. 10, 12, 56 L.Ed. 77, where the Supreme Court, speaking through Mr. Justice Hughes, said: "It was, undoubtedly, the duty of the court in determining whether there was the requisite diversity of citizenship, to arrange the parties with respect to the actual controversy, looking beyond the formal arrangement made by the bill." See, also, Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145; Hamer v. New York Rys. Co., 244 U.S. 266, 37 S.Ct. 511, 61 L.Ed. 1125; Steele v. Culver, 211 U.S. 26, 29 S.Ct. 9, 53 L.Ed. 74; City of Dawson v. Columbia Ave. Saving Fund, Safe Deposit, Title & Trust Co., 197 U.S. 178, 25 S.Ct. 420, 49 L.Ed. 713; Moore's Federal Practice, vol. 2, pp. 2136, 2137; 25 C.J. 750, and cases cited; 27 R.C.L. 27; Cyc. of Fed. Procedure, vol. 1, p. 430.

A case of realignment of parties, decisive of the question of identity of interest here involved, we think, is Steele v. Culver, supra, 211 U.S. 26, 29 S.Ct. 9, 53 L.Ed. 74. That was a suit in equity filed by a non-resident surety on a supersedeas bond of a resident railroad company to enjoin the collection of the judgment which had been superseded, on the ground that the judgment had been obtained by fraud. The railroad company was made defendant in the equity suit along with the resident plaintiff who had obtained the judgment. The Circuit Court realigned the parties and dismissed the suit for lack of jurisdiction. In affirming the decision the Supreme Court, speaking through Mr. Justice Holmes, said: "The appellants candidly admit that for a decision upon jurisdiction the parties may be arranged according to their real interests, and that, if the railroad company is an indispensable party, the decision below was right. But they urge that it is alleged that the railroad is insolvent, that no relief is asked against it, but it is left free to pay the judgment if it desires to and can, and that the real parties in interest are the plaintiffs, and especially Steele, upon whom, it is said, the burden ultimately must fall. These arguments do not seem to us to need an extended answer. With regard to the alleged insolvency, it is a strange proposition that a defendant is not an indispensable party to an attempt to stop the collection of a judgment against him because at the moment, his property is not sufficient to pay his debts. The railroad was sole master of the litigation against itself, and we must assume is co-operating with the plaintiff in the present case. *It seems to us equally strange to suggest that a contract of a stranger with a stranger can affect the interest of the party immediately concerned.*" (Italics supplied).

Another case involving identity of interest, and one directly in point, is Columbia Casualty Co. v. Thomas, D.C., 20 F.Supp. 251, 252, which was a suit by an insurer under the Declaratory Judgment Act to establish non-liability with respect to a claim for damages asserted against the insured by a person who had been injured in an automobile collision. The insured was joined with the claimant as defendant; and there, as here, the company claimed non-coverage by the policy because of the circumstances under which the vehicle was operated. The court in dismissing the complaint said: "The only questions presented for consideration by the original bill were whether the defendant Thomas was at the time of the accident operating the truck with the consent of the assured Clauson, and whether Clauson, Inc., is liable because of ownership. There can be no question but that this bill is not sufficient in allegation to present a case under the Declaratory Judgment Act (Jud.Code § 274d, 28 U.S.C.A. § 400). Plaintiff's own construction of the policy admits liability if

the insured Clauson is liable. The interests of the insurer and insured are identical, and there is no controversy to be determined. Their interests being joint, and one of them a citizen of the state of Florida, there is no diversity of citizenship and the court is without jurisdiction."

A case such as this is to be distinguished from one where there is a bona fide controversy between the nonresident insurance company and the insured, and where one holding a claim against the insured is brought in for the purpose of securing a complete settlement of the entire controversy. In such case the non-resident company is entitled to invoke the jurisdiction of the federal courts for the purpose of settling the controversy with the resident insured; and the fact that another resident may be joined for the purpose of obtaining a complete settlement of the controversy does not oust the jurisdiction. Such a case was before this court in Ætna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665, where there was a controversy between the company and the insured which would not necessarily be decided in a suit between the claimant and the insured and where the interests of the company and the insured would be diverse in defending a suit instituted by the claimant. Such a case also was Farm Bureau Mutual Automobile Ins. Co. v. Daniel, 4 Cir., 92 F.2d 838, where there was a bona fide controversy between the company and the insured and another company as to the coverage of the policy. Very different is the case where, as here, the interest of the insurer in the litigation is identical with that of the insured and where there is no bona fide controversy of any sort between them. The liability of the insurer to the insured manifestly does not constitute a controversy where the insurer admits it; and the insurer may not use that liability as a means of trying in the federal court litigated claims which it has obligated itself to defend and which are properly cognizable in state tribunals. Cf. Steele v. Culver, supra. To quote again the language of Mr. Justice Holmes in that case, "It seems * * * strange to suggest that a contract of a stranger with a stranger can affect the interest of the party immediately concerned."

It is true that no motion was made in the court below to realign the parties and dismiss for lack of diversity of citizenship; but the same point was involved in the contention that there was no controversy between plaintiff and Patton's, although it may not have been couched in technical language. Certainly, the action of the court in declining jurisdiction for the purpose of rendering a declaratory judgment should not be disturbed where it appears from the face of the complaint that the court was without jurisdiction for lack of diversity of citizenship.

Affirmed.