## PENNSYLVANIA CASUALTY CO. v. THORNTON et al.

### No. 5603.

District Court, N. D. Alabama, S. D.

June 22, 1945.

Joe S. Mead and Kingman Shelburne, both of Birmingham, Ala., for plaintiff.

Fred G. Koenig, Sr., and Taylor, Higgins, Koenig & Windham, all of Birmingham, Ala., for defendants.

MULLINS, District Judge.

This is an action for declaratory judgment. The matter is before the Court and was submitted upon two separate motions of the defendants, (1) to dismiss the complaint for failure to state a claim and (2) for summary judgment on that aspect of the complaint seeking a declaration to the effect that the plaintiff is not subject to suit until the defendants have first obtained judgment against its insured.

On December 20, 1943, there was a collision between a taxicab operated by Whitman's Black & White Cab Company, Inc. (plaintiff's insured) in which the defendant, Mrs. Julia Thornton, was a passenger for hire, and a vehicle operated by the Birmingham Electric Company. Mrs. Thornton sustained personal injuries for which she is making claim against both Whitman's Black & White Cab Company, Inc., and directly against the plaintiff as insurer. The defendant, J. M. Thornton, Jr., is also making claim against the plaintiff and its said insured for the loss of services of his wife.

The matter was submitted upon oral arguments, briefs, and an oral stipulation of facts as follows:

"The defendants, prior to the filing of this action, had filed separate suits for damages in the Circuit Court of Jefferson County, Alabama, against the plaintiff, Pennsylvania Casualty Company, and its insured, Whitman's Black & White Cab Company, Inc., in which suits Mrs. Thornton and Mr. Thornton claimed damages in the amount of $5,000 and $2500, respectively. These actions grew out of a collision between a taxicab of plaintiff's insured in which Mrs. Thornton was riding and a vehicle operated by the Birmingham Electric Company, a corporation. Mrs. Thornton's suit was for personal injuries and Mr. Thornton sued for the loss of services of his wife. On December 5, 1944, the defendants (plaintiffs in the State court) took nonsuits in these actions. Immediately thereafter, and on December 6, 1944, the plaintiff filed this declaratory judgment action, and in its complaint averred that the State actions had been nonsuited, but that the defendants were threatening to institute new suits against it prior to the rendition of any final judgment against its insured. Six days later, and on December 12, 1944, the defendants filed new separate suits in the Circuit Court of Jefferson County, Alabama. In the new suits the plaintiff, Pennsylvania Casualty Company, its insured, Whitman's Black & White Cab Company, Inc., and the Birmingham Electric Company were all made parties defendant. The insured, Whitman's Black & White Cab Company, Inc., and the Birmingham Electric Company are both incorporated under the laws of the State of Alabama."

From the complaint, it appears that both of the defendants are citizens of the State of Alabama and the plaintiff is a corporation organized under the laws of the State of Pennsylvania.

Pursuant to Ordinance 355–F of the City of Birmingham, Alabama, the plaintiff, a liability insurance carrier, issued a policy to Whitman's Black & White Cab Company, Inc., covering the taxicab in which Mrs. Thornton was riding at the time she was injured. The pertinent provisions of this ordinance are attached as Exhibit A to the complaint. The ordinance provides that no license shall be granted to any person to operate taxicabs for hire on the streets of said city until such person shall have first filed with the City Clerk for each taxicab to be operated a liability and property damage insurance policy of a public liabil-

ity insurance company. Said policy must be in the sum of $10,000 for personal injury liability and $1,000 for property damage liability, and provides for the payment of any final judgment not to exceed the sum of $5,000 for injury to one person, or $10,000 for injury to two or more persons, and $1,000 property damage in any one accident, that may be rendered against the operator of such taxicab, for damage to person or property resulting from accident arising out of the careless or negligent operation of such taxicab. Said ordinance further provides:

"Said policy shall stipulate that any person who may sustain damage to his person or property, resulting from such careless or negligent operation of such vehicle, shall have his right of action on said policy as fully and to the same extent as if said policy was made and executed directly in favor of the claimant for such damages."

The plaintiff seeks, in the main, a declaration to the effect that no suit can be maintained against it on its policy until the defendants have first obtained a final judgment, after actual trial, against its insured. Should the Court decide this question favorably to the plaintiff, no further relief is sought. However, should the Court rule that the plaintiff can be sued directly or jointly with its insured, then, in the alternative, the plaintiff prays that the defendants be required to propound their claims in this court in order that the question of negligence vel non of the insured or its agents may be determined along with the plaintiff's liability not to exceed the amount of its policy.

■ The first, and main, issue presented here falls without the province of a declaratory judgment proceeding. Whether the plaintiff can be sued directly, or jointly with its insured, is a matter of remedy and not of right. 1 C.J.S., Actions, § 18, p. 1045; 15 C.J.S., Conflict of Laws, § 22, p. 948; 47 C.J. pp. 17, 18; Byrd v. Ætna Life Ins. Co., 25 Ala.App. 318, 146 So. 78; Dollahite-Levy Co. v. Overton, 223 Ala. 12, 133 So. 903. In the last case cited, the Supreme Court of Alabama held that a determination of who were proper parties defendant was a matter of procedure and remedy.

The function of the declaratory judgment is to deal with "rights, not remedies." 28 U.S.C.A. § 400; Pennsylvania Casualty Co. v. Upchurch et al., 5 Cir., 139 F.2d 892, 893. In dealing with the precise issue here in-

volved, the Court, in the Upchurch case, made the following decisive statement:

"It is immaterial whether an injured third party may sue the insurer directly or must first obtain judgment against the insured. This is a remedial matter. Cf. Wells v. American Employers' Ins. Co., 5 Cir., 132 F.2d 316. We are required here to declare rights, not remedies."

To the same effect, see the case of Bagwell v. Woodward Iron Co., 236 Ala. 668, 184 So. 692, 693, wherein the Court said:

"The present proceeding is nothing more nor less than an effort on the part of appellant to have this Court to advise him as to what remedy he should pursue for redress of the wrong complained of in his petition. It is not the province of a declaratory judgment to advise parties as to proper remedies to be pursued."

■ Moreover, there are further grounds for declining a determination of this question here. As is shown by the facts stipulated, the defendants now have actions pending in the State court against the plaintiff, its insured, and the Birmingham Electric Company. All parties in anywise responsible for the collision or otherwise interested in it can obtain a full determination of their rights in those actions. It is not within the sphere of a declaratory judgment proceeding to deal with litigation by piecemeal. Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, etc., et al., 5 Cir., 137 F.2d 176, 179; Ætna Casualty & Surety Co. v. Quarles et al., 4 Cir., 92 F.2d 321; American Automobile Ins. Co. v. Freundt et al., 7 Cir., 103 F.2d 613.

■ In addition, to deal with this single issue here would constitute a "gratuitous interference with the orderly and comprehensive disposition of a state court litigation," and would subject the defendants to an "uneconomical as well as vexatious" burden. Brillhart v. Excess Ins. Co., 316 U.S. 491, 495, 62 S.Ct. 1173, 1176, 86 L.Ed. 1620. Manifestly it would be unjust to require the defendants to litigate this remedial issue as against the plaintiff in this court at a time when they have cases pending in the State court against the two alleged tort feasors as well as the plaintiff in which this question can be properly decided.

■ It is true that the State actions now pending were filed a few days subsequent to the filing of this proceeding. This is not controlling. In the case of Ætna Casualty

& Surety Co. v. Quarles, supra, the Court held that the issue presented could be determined with equal facility in another pending suit, although it was filed subsequent to the bringing of the declaratory judgment proceeding. This case has been cited with approval by the Circuit Court of Appeals for the Fifth Circuit and the Supreme Court of the United States. See Columbia Casualty Co. v. Thomas et al., 5 Cir., 101 F.2d 151; Brillhart v. Excess Ins. Co., supra.

Since it is clear from the pleadings that the plaintiff does not deny liability in the event that its insured is guilty of actionable negligence, the alternative issue presented here, as to whether the insured or its agents were guilty of such negligence as would impose liability upon the plaintiff, does not raise a justiciable controversy. The controversy is between the defendants and the insured, all of whom are citizens of the State of Alabama. Although the facts are different, the principle laid down in the case of Liberty Mut. Ins. Co. v. Lee, 5 Cir., 117 F.2d 735, 736, applies here. There the Court ruled:

"Their controversy is one between citizens of the same State and triable in the State court. The insurer, because of his contract with the truck owner, has an interest in the outcome of the controversy, but he cannot take charge of it as his own and carry it into a federal court because of his citizenship being diverse."

The pending State court actions cannot be removed to this court because of lack of diversity of citizenship, the plaintiffs (defendants here) and two of the defendants there being citizens of Alabama. To use the declaratory judgment for the purpose of dragging into the Federal court the trial of non-removable local litigation has been repeatedly condemned. Indemnity Ins. Co. of North America v. Schriefer et al., 4 Cir., 142 F.2d 851. See also Maryland Casualty Co. v. Boyle Const. Co., 4 Cir., 123 F.2d 558; Piedmont Fire Ins. Co. v. Aaron, 4 Cir., 138 F.2d 732; Carbide & Carbon C. Corp. v. United States I. Chemicals, 4 Cir., 140 F.2d 47.

Furthermore, in its alternative claim, the plaintiff avers that if it is directly liable to the defendants "that its liability exists only in the event its said insured is legally liable to the defendants." The legal liability of the insured to the defendants could not be determined here without the insured being made a party. If the insured were made a party, it would necessarily have to be aligned with the plaintiff, and as it is an Alabama corporation, the requisite diversity of citizenship would not exist and this Court would be without jurisdiction. Steele v. Culver, 211 U.S. 26, 29 S.Ct. 9, 53 L.Ed. 74.

Finally, this Court cannot determine all of the issues that are involved in the State court actions, adjudicate the rights of all interested parties, and finally determine the controversy. The State court can dispose of the entire matter. This being true, this is a proper case for the Court to exercise its discretion not to entertain the action. Ætna Casualty & Surety Co. v. Quarles, supra; Columbia Casualty Co. v. Thomas, supra; American Automobile Ins. Co. v. Freundt, supra; Brillhart v. Excess Ins. Co., supra.

Since the Court has ruled that this is a proper case for declining to exercise its jurisdiction, it is unnecessary to consider the defendants' motion for a summary judgment.

It is, therefore, ordered, adjudged and decreed that this action be and the same is hereby dismissed without prejudice, and all costs are taxed against the plaintiff, for the collection of which execution may issue.