**UNITED STATES FIDELITY & GUARANTY CO.**

v.

**HARRISS & COVINGTON HOSIERY MILLS, Inc.**

**Civ. No. 807.**

United States District Court,
M. D. North Carolina,
Greensboro Division.

March 12, 1954.

Wharton, Poteat & Wharton, Greensboro, N. C., for plaintiff.

J. V. Morgan, High Point, N. C., Frazier & Frazier, Greensboro, N. C., for defendant.

HAYES, District Judge.

The plaintiff became a surety on a bond for the faithful performance of a contract by H. E. Crawford Co., Inc. which it entered into with Harriss and Covington Hosiery Mills, Inc. The Company failed to perform the contract. The plaintiff instituted this suit for a declaratory judgment for the purpose of having it exonerated of having an obligation under the bond alleging that the contract was not performed due to the conduct of Harriss and Covington Hosiery Mills. If the principal on the bond was excused from performance by reason of the misconduct of Harriss and Covington Hosiery Mills, as herein alleged by the surety, then it follows that the surety and principal are jointly interested in the common defense. It is

true that the surety has not made the principal a party defendant but it appears that it is a necessary and indispensable party and if a party, its interest being identical with that of the plaintiff, would have to be aligned with the plaintiff which would thereby destroy diversity of citizenship, the basis of this court's jurisdiction, because Crawford and Company is a citizen of North Carolina as is the defendant Harriss and Covington Mills, Inc.

The facts alleged in the pleadings bring this case within the principle established in Steele v. Culver, 211 U.S. 26, 29 S.Ct. 9, 53 L.Ed. 74, and State Farm Mut. Auto. Ins. Co. v. Hugee, 4 Cir., 115 F.2d 298, 299, 132 A.L.R. 118 and renders inapplicable the case of Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665 for the reasons pointed out by Judge Parker in the Hugee case above. And to the same effect is the case of Maryland Casualty Co. v. Boyle Const. Co., 4 Cir., 123 F.2d 558.

An order will be entered dismissing the action for want of jurisdiction in accordance with this opinion.