### STEVENS v. SMITH et al.

(Circuit Court of Appeals, Sixth Circuit. December 19, 1903.)

#### No. 1,201.

1. PARTIES—SUIT TO SET ASIDE PROVISIONS OF WILL—NECESSITY OF JOINING LEGATEES.

   Under the general equity rule that all persons whose interests will be directly affected by the judgment sought must be made parties to the suit, the legatees and distributees of a testator are indispensable parties to a suit in a federal court by an heir at law to obtain a construction of the will and to have a large number of its provisions, including the residuary clause, set aside as invalid on different grounds, so as to leave the decedent intestate as to a large portion of his estate, unless special circumstances are shown which bring the case within some recognized exception to such rule.

Appeal from the Circuit Court of the United States for the Northern District of Ohio.

Frank Titus, for appellant.

L. C. Mengert and S. H. Tolles, for appellees.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. John C. Larwill, of Mansfield, Ohio, died in 1901, leaving an estate (real property of the value of about $240,000, and personal property of the value of about $300,000), and a will in which, after making many bequests, he provided, in the final clause, that the residue of his estate should be divided into 24 shares and distributed among certain named residuary legatees. Larwill left surviving him a widow, Susan M. Larwill, and certain brothers, sisters, nephews, and nieces, but no children, and no father or mother.

The bill below was filed by Oscar Hampton Stevens, of Missouri, a nephew not mentioned in the will, for the purpose of securing a construction of the will which will exclude the real estate from its operation, invalidate many bequests, strike out the residuary clause, and thus admit the complainant, as an heir at law, to share in the final distribution of the estate at the expense of many legatees and distributees under the will. The suit was instituted against Richmond

Smith and Paul Oliver, who are the executors under the will, none of the legatees or distributees being made parties. Because of this omission, a special demurrer to the bill for lack of necessary parties was filed and sustained, and, the complainant declining to amend, the bill was dismissed. From this decree an appeal has been taken.

The bill, after stating the facts respecting the property and the heirs at law which we have already given, sets out the will and codicil in full. The will provides, in the first item, a bequest of $101,000 to the wife, in lieu of her dower in his real estate and of her distributive share of his personal property; and, in the second, that from $20,000 to $25,000 shall be expended by the executor in the construction of a memorial to the testator's son, Arthur. These two bequests are expressly made a charge upon his "entire estate," and are to be paid before any other bequests are paid. The will then provides, in items 3 to 15, inclusive, for an annuity to a brother and 14 bequests to relatives, friends, and charities, aggregating nearly $150,000, all of which "are payable at the option and convenience of my executor." By the codicil, the bequest in the will of $5,000 to the Hospital Association of Mansfield is revoked unless $15,000 additional be raised within one year after the testator's death, seven bequests aggregating $15,700 are made, the use of 80 acres for life is devised to a brother, an annuity of $300 given to Mrs. Jenner, a niece, certain powers are vested in the executor, including this, "that all bequests made in my will and codicil will be payable at the pleasure of my executors," and the following residuary clause added:

"The residue of my estate I wish divided into twenty-four shares as follows, to-wit: To my wife, Susan M. Larwill, four shares, to my brother, Joseph, four shares, to my brother, William, two shares, to my sister, Elizabeth L. Miller, two shares, to my nephew, Paul H. Larwill, four shares, to my nephew, Miller Stephens, of Kansas City, Missouri, one share (1), to my niece, Julia Jenner, one-half share, to the First Baptist Church, of Loudenville, one-half share. The residue to be divided equally between my wife and my sister Elizabeth, my brother Joseph and his son Paul.

"I am not unmindful of the fact I have omitted from my will all mention of several relatives of mine, this omission is not accidental or inadvertent or from any unkind feelings on my part, but deliberate and determined and for reasons which seem to me good and sufficient. I have decided to exclude from any participation in my estate any and all persons not mentioned in this my will and codicil."

The bill alleges that the will was admitted to probate in Richland county, Ohio, and that the respondents, Smith and Oliver, were appointed executors, and have been and are engaged in the discharge of their duties as such, having the custody and possession of all the property owned by the decedent at the time of his death, in Ohio. That, at the time of his death, the decedent was seised in fee simple of certain lands which are described, those in Ohio of the value of $170,000, those in Kansas of the value of $20,000, those in Texas of the value of $10,000, and those in Missouri of the value of $40,000. That the will and codicil should be adjudged invalid as a testamentary disposition of the property left by Larwill, except as to certain specific bequests, for the following reasons: (1) The instrument omits to vest in the executors any title to any of the property; (2) no valid

disposition of any of the real property is made; (3) under the laws of Ohio, Texas, Missouri, and Kansas, notwithstanding the will, the title to all the property, real and personal, except the money required to pay the lawful debts and such legacies as may be held valid, vested upon the death of Larwill in the complainant and others, his heirs at law, together with the right of possession; (4) that the residuary clause should be adjudged void for reasons which are set forth in clauses 5 and 6; (7) that no real estate is charged with the payment of any bequests; (8) that no property is set apart for the payment of the annuities; (9) that the bequest of $5,000 to the Hospital Association of Mansfield is void, because it did not vest upon the death of Larwill; (10) that no interest, title, or estate is vested, or trust created, which prevented the vesting of the property in the heirs at law; and (11) that the value of the residue for distribution cannot be ascertained until after the death of Mrs. Jenner, to whom an annuity is given during life. The bill further avers that the respondents are administering and disposing of all the property of the deceased, both real and personal, and wherever situated, as if the will conferred that right; and are proceeding as though all the real estate, both within and without Ohio, were charged with the payment of the specific legacies named in the will; and are selling the real estate in Ohio for the purpose of paying the legacies, although there is personal property, not exhausted, sufficient to pay the same; and that the executors claim they have the power, after paying the lawful debts and valid legacies, to divide all the property, real and personal, in accordance with the residuary clause, and will do so, unless prevented by the court, thus depriving the complainant of any participation in the estate. The bill prays, first, that the meaning of the will and codicil, and the clauses and provisions complained of, be construed and determined; second, that it be adjudged that all the real estate belonging to the decedent at his death descended to his heirs at law, and that as to all such real estate the decedent died intestate; third, that the respondents be enjoined from selling or disposing of any of such real estate, whether in Ohio or elsewhere, until the personal property is exhausted, and that all moneys, the proceeds or revenues of lands, sold or to be sold, in the hands of the respondents, be adjudged real property, and not personalty; fourth, that the item bequeathing $5,000 to the Hospital Association of Mansfield be adjudged null and void; fifth, that all other provisions wherein bequests are made dependent upon the will or pleasure of the executors, or other event or contingency, and which do not forthwith, by the terms of the will, vest in the legatee upon the death of the testator, be adjudged invalid; sixth, that all other bequests or attempted bequests made to persons or corporations not competent in law to take or hold property be adjudged null and void, the complainant alleging that "the Baptist Church of Loudenville, Ohio," and "the First Baptist Church of Loudenville," are names not describing any lawfully existing corporation competent to take by bequest, and that the words "to the trustee of the Cemetery Association" do not describe any person competent to take as devisee; and, seventh, for general relief.

A careful examination of the bill makes it plain that the suit is not so much one to construe and determine certain provisions of the will as it is one to cut out and destroy them, render the decedent pro tanto intestate, and admit the complainant to share in the excluded property. The assault is first made upon the residuary clause. With that stricken out or limited to personalty, and the heirs at law substituted for the residuary legatees, the attack has next been directed against the specific bequests. The more legacies eliminated, the more property for distribution among the heirs at law. Accordingly, practically every bequest, except two, is assailed. The bequest to the widow in lieu of dower and of her distributive share of the personalty is not assailed. Indeed, with the residuary clause (under which the widow is one of the legatees) adjudged invalid, the special bequest does not equal the interest she would have received by law if there had been no will. The provision for the expenditure of $25,-000 for a memorial to the testator's son is apparently not assailed. But every other bequest is. All the bequests in the will, except these two, are made payable "at the option and convenience of the executor"; and, by the codicil, "all bequests made in my will and codicil will be payable at the pleasure of my executors." The validity of all these bequests is impugned because they do not forthwith vest in the legatees, but are made, or attempted to be made, dependent upon the will or pleasure of the executors. The charitable bequests are attacked not only on this ground, but for special reasons; for example, because the corporations named are not competent to take by bequest, or because some condition is annexed to the bequest. Even the provision made by the testator for keeping his own mausoleum in repair is not spared. It is claimed to be invalid because made "to the trustees of the Cemetery Association," words which, it is urged, do not describe any person competent to take as a devisee.

This is not, therefore, a suit to establish a debt against an estate, as in Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536, and Hess v. Reynolds, 113 U. S. 73, 5 Sup. Ct. 377, 28 L. Ed. 927, or to enforce a claim to share in the distribution of an estate against an executor or administrator, as in Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260. It is something quite different. The complainant does not present any claim, or assert any right, to share in a distribution which has been or is being made. He avers that the executors are proceeding with the administration of the estate, and asks the court to construe the will and lay down certain rules by which the executors are to be governed in the discharge of their duties, if his contentions are sustained. It may be remarked, in this connection, that the Supreme Court of Ohio, in Bowen v. Bowen, 38 Ohio St. 426, held that an action by the next of kin of a testator against his executors to obtain a decree declaring the residuary clause of the will void could not be maintained prior to the settlement of the estate, because not until that time would the plaintiffs be entitled to the distributive shares they were asserting. Such being the character of the case, and the nature of the relief sought, it might be a question for consideration whether, in view of the rule laid down in Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536, and Byers v. McAuley, 149 U. S. 608, 614,

13 Sup. Ct. 906, 37 L. Ed. 867, and cases cited, the bill as drawn does not seek, in some respects, to take the administration of the estate out of the hands of the probate court of Richland county, Ohio, and place it in the hands of the court below; but, as the case stands, we deem it unnecessary to take up this question, and shall confine ourselves to that decided by the lower court, namely, whether there is a lack of parties defendant.

Since the action is not so much one to construe a will as to invalidate its material provisions and obtain the direction of the federal court as to how the estate shall be administered and distributed with these provisions cut out, it may be well to refer to pertinent provisions of the Ohio statutes. The Revised Statutes of Ohio (section 6195 et seq. [Bates' Ann. St.]) regulate the distribution of estates, and make ample provision for the assertion of claims to share therein. Section 6198 provides that, if the amount coming to any heir, legatee, widow, or other distributee shall be uncertain or in dispute, dependent upon a construction of any devise, bequest, etc., the probate court, or, on motion, the common pleas, may hear and determine the question, and for that purpose is authorized to cause all the heirs, legatees, or other distributees, parties in interest, to be made parties to said petition. By section 6202 it is provided that any executor, administrator, guardian, or other trustee may maintain an action in the court of common pleas against the creditors, legatees, distributees, or other parties asking the direction or judgment of the court in any matter respecting the trust, estate, or property to be administered; and in case the executor, administrator, guardian, or other trustee, after being requested in writing, fails to do so, the creditor, legatee, distributee, or other party making the request may institute the same. Section 5963, which authorizes the widow or widower, before electing to take under the will, to bring an action for the construction of the will, provides for the making of "all persons interested in such will defendants to such petition"; and section 5045, par. 2, provides that service by publication may be made in actions authorized by section 6202, when a defendant resides out of the state or his place of residence cannot be ascertained. By section 5858 any person interested in a will or codicil may contest its validity, and by section 5859 all the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to the action. Holt v. Lamb, 17 Ohio St. 375; Church v. Nelson, 35 Ohio St. 638.

In view of these provisions, it is clear that, if this action had been brought in an Ohio court under the Ohio statute, all the legatees and distributees directly interested in the provisions assailed must have been made parties. But it is insisted that the rule is different in the courts of the United States, and a number of cases are cited in support of the contention that there, in a suit to construe a will, the executors alone are the proper parties defendant. We have carefully examined these cases. They fail to sustain the claim made. Hess v. Reynolds, 113 U. S. 73, 5 Sup. Ct. 377, 28 L. Ed. 927, one of the cases cited, was a suit against an administrator to collect a claim against the estate. Yonley v. Lavender, 21 Wall. 276, 22 L.

Ed. 536, another case cited, was a similar suit, and in it the court held that property in the possession of the administrator could not be levied upon and sold to satisfy the claim. Wickham v. Hull (C. C.) 60 Fed. 326, and Zimmerman v. Carpenter (C. C.) 84 Fed. 747, were suits to enforce assessments made by the Comptroller of the Currency upon national bank stock belonging to the decedent, the actions being brought against the executors. None of these were suits to construe a will. Toms v. Owen (C. C.) 52 Fed. 417, was a suit to construe a will and enforce an alleged trust, but it was brought by the claimant against the sole heir at law, and not against the executor. Counsel have failed to cite us to any case like this, maintained against the executors alone.

The legatees and distributees who will take under the will, if the provisions assailed in this case stand, are directly and immediately interested in resisting the demands of the complainant. They do not constitute a class where one may defend for all, because practically all the bequests are assailed, and different ones on different grounds. They come within the rule laid down in Daniell's Ch. Pl. & Pr. c. 5, § 2: "Where a person is in the actual enjoyment of the subject-matter, or is interested in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claims, he is immediately interested in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit;" and by Mr. Justice Gray, speaking for the court in McArthur v. Scott (an Ohio case) 113 U. S. 340, 391, 5 Sup. Ct. 652, 668, 28 L. Ed. 1015: "The general rule in equity, in accordance with the fundamental principles of justice, is that all persons interested in the object of a suit, and whose rights will be directly affected by the decree, must be made parties to the suit." This rule, when applied to suits affecting residuary legatees or distributees, is referred to in Story's Eq. Pl. § 89, where it is said: "In general, in such a case, all the other residuary legatees or distributees ought to be made parties, so that the rights and claims may all be conveniently established at the same time and in the same suit;" and in Beach's Mod. Eq. Pr. § 69, where it is stated: "In suits affecting the rights of residuary legatees or of next of kin, the general rule is that all the members of the class must be made parties." Of course, there are exceptions growing out of the necessities of the particular case. The parties may be too numerous to be all brought in, they may constitute a class where a few may properly represent all (Society of Shakers v. Watson, 68 Fed. 730, 15 C. C. A. 632, 641), or some of them may be out of the jurisdiction. Here is an opportunity for the exercise of the discretion of the court. But in every case there must be such parties before the court, representative of the various classes of defendants, as will insure a fair trial of the questions at issue. Beach's Mod. Eq. Pl. § 69; McArthur v. Scott, 113 U. S. 340, 391, 5 Sup. Ct. 652, 28 L. Ed. 1015.

According to the general rule as it is laid down, the legatees and distributees should have been made parties. While it is true this general rule will yield if the court is able to proceed to a decree and do justice to the parties before it, without injury to others not made

parties, who were equally interested in the litigation (Hotel Co. v. Wade, 97 U. S. 13, 21, 24 L. Ed. 917), there is no showing in the bill warranting any exceptions in this case. For aught that appears in the bill, the legatees and distributees whose bequests are assailed ought to be heard by the court before being deprived of the rights they now enjoy under the will. So the court below thought, and so we think. If the executors, uncertain as to the construction of the provisions assailed in this suit, had, at the request of Oscar Hampton Stevens, instituted a similar action, obviously the legatees and distributees directly interested in the provisions to be construed would have been indispensable parties. They are no less so now, when the suit is brought by an heir at law, not for the purpose of clearing up any doubt in the minds of the executors, but of breaking down and setting aside the provisions through which the legatees and distributees expect to share in the estate. The general rule which requires all persons to be made parties whose rights will be directly affected by the judgment sought applies in favor of the legatees and distributees in this case, and no facts appear to exist which would warrant any exception.

The judgment of the Circuit Court is affirmed.