UNITED STATES, for Use and Benefit of BOUCHER, v. MURPHY et al.

No. 992.

District Court, W. D. Michigan, N. D.

June 18, 1935.

Hudson & Coates, of Sault Ste. Marie, Mich., for plaintiff.

Miller, Eldredge & Eldredge, of Marquette, Mich., for defendants.

RAYMOND, District Judge.

This matter is before the court upon motion to dismiss an amended declaration filed pursuant to the order of the court entered April 3, 1935. Briefs have been filed in support of and adversely to the motion. From the amended declaration and the brief filed in support thereof, it appears that the action is based upon section 270 of title 40 U. S. C. (40 USCA § 270), and upon section 276a of the same title (40 USCA § 276a).

It appears that the use plaintiff and a number of others who prior to suit assigned their claims to him furnished labor in connection with the construction of a CCC Camp near Raco, Mich., and that after completion of the work they were paid by checks which were received and cashed. About two weeks after payment was received, the question of adequacy of the amount of wages arose, and after some negotiations certain other employees were paid additional compensation by the contractor. No claim is made that there was at any time an agreement for higher wages. Use plaintiff's sole claim for further recovery is upon the clause contained in the contract with the United States which was included in accordance with the provisions of section 276a, which reads: "Every contract in excess of $5,000 in amount, to which the United States or the District of Columbia is a party, which requires or involves the employment of laborers or mechanics in the construction, alteration, and/or repair of any public buildings of the United States or the District of Columbia within the geographical limits of the States of the Union or the District of Columbia, shall contain a provision to the effect that the rate of wage for all laborers and mechanics employed by the contractor or any subcontractor on the public buildings covered by the contract shall be not less than the prevailing rate of wages for work of a similar nature in the city, town, village, or other civil division of the State in which the public buildings are located, or in the District of Columbia if the public buildings are located there, and a further provision that in case any dispute arises as to what are the prevailing rates of wages for work of a similar nature applicable to the contract which can not be adjusted by the contracting officer, the matter shall be referred to the Secretary of Labor for determination and his decision thereon shall be conclusive on all parties to the contract: Provided, That in case of national emergency the President is authorized to suspend the provisions of this section."

The real controversy between the parties relates to whether the work done by use plaintiff and his assignors was common labor or carpentry work, and, if the latter, what was the prevailing rate of wages for work of a similar nature in the civil division of the state in which the building is located.

Careful consideration of the section quoted is convincing that in event of dispute Congress intended to place the determination of such issues exclusively with the Secretary of Labor, and that his decision thereon should be conclusive. It seems clear that Congress did not contemplate that laborers and mechanics employed on public buildings may accept compensation at something less than the alleged prevailing wage and thereafter proceed under the Heard Act (40 USCA § 270) upon the contractor's bond in a court of law to recover additional compensation upon the theory that they were entitled to a different classification as to the character of the labor performed, and therefore to a higher rate of wages. Use plaintiff does not claim that any dispute arose during the performance of the contract or that any effort to adjust the dispute was ever made with the contracting officer.

Because of the view of the court that the enforcement of the prevailing wage agreement in the contract was intended to be solely in the hands of the Department of Labor and that issues arising

**574**

thereunder may not be presented in proceedings under the Heard Act, an order will be entered granting the motion to dismiss.