### ACKMAN et al. v. NORTHERN STATES CONTRACTING CO. et al.

#### No. 8174.

Circuit Court of Appeals, Sixth Circuit.

April 5, 1940.

J. A. Edge, of Lexington, Ky., for appellants.

W. H. Townsend and Gayle A. Mohney, both of Lexington, Ky. (Stoll, Muir, Townsend & Park and Gayle A. Mohney, all of Lexington, Ky., on the brief), for appellees.

Before HICKS, SIMONS, and ARANT, Circuit Judges.

SIMONS, Circuit Judge.

The class suit begun by the appellants on behalf of numerous wage claimants against sureties for and the contractors who had constructed a sewer system, and other improvements for the city of Lexington, Kentucky, under PWA contracts, and pursuant to grant agreements between the city and the United States, was removed to the United States District Court where a petition to remand was overruled, followed by an order of dismissal on the ground that the court did not have jurisdiction to determine the issues presented. It is from the order of dismissal that the appeal is taken.

The pleadings disclose that the city of Lexington, by popular vote, authorized a bond issue on November 7, 1933, to provide funds for the construction and improvement of its sewer systems and for other improvements, with the aid of the Federal Government, under the provisions of Title II of the National Industrial Recovery Act, 40 U.S.C.A. § 401 et seq. The city thereupon entered into two grant agreements with the United States by the terms of which the government agreed to pay the city an amount not to exceed 30 per cent of the cost of labor and materials employed and used upon the proposed projects, the grants being conditioned upon construction conforming to plans and specifications approved by the United States, and to rules and regulations relative thereto, and subject to such engineering supervision and inspection as the United States or its representatives might require.

Pursuant to these agreements the city entered into contracts with various contractors and their sureties, including the appellees. Attached to each of such contracts were specifications and plans which included a labor classification and a schedule of wage rates promulgated by the Federal Emergency Administration of Public Works. This classification divided the labor to be employed by the contractors into three groups, one of skilled labor at a wage rate of $1.10 per hour, another of intermediate or semi-skilled labor at rates ranging from 60 cents to 90 cents per hour, and a third of unskilled labor at a rate of 45 cents per hour. The contracts further provided that all labor issues arising should be submitted to the Board of Labor Review, and that the decision of the Board thereon should be binding upon all parties. Following the execution of the contracts the work was entered upon and completed,

necessitating the employment of many laborers, including the appellants, all of whom accepted pay checks without complaint. The work was accepted by the city, approved by the United States, and upon authority of the Public Works Administration the amounts agreed upon as grants to the city were paid to it.

Following the completion of the project a number of suits were started in the Fayette County Circuit Court on behalf of laborers who were compensated for their work under the wage scale as unskilled, alleging that they were erroneously so classified and that they were entitled to wages of $1.10 per hour as skilled laborers. One of such suits arrived at issue in the Fayette County Circuit Court upon a question of jurisdiction raised by the Northern States Contracting Company and its surety, the challenge to jurisdiction being upon the ground that the claimants had never submitted their claims to the Board of Labor Review as provided in the agreements upon which the suit was based, and that such submission was an indispensible prerequisite to the assumption of jurisdiction by the court. The plea being overruled, the surety filed its original application in the Court of Appeals of Kentucky for a Writ of Prohibition to prevent the Circuit Court from taking jurisdiction until the plaintiffs therein had presented their claims to the Board of Labor Review. The claimants sought to intervene and tendered to the Court of Appeals an answer with supporting brief denying the existence of and challenging the effect claimed for the contracts and other records upon which the petition for Writ of Prohibition was based. The court permitted the pleadings to be filed, but upon full consideration granted the writ, holding that by reason of the federal regulations and schedules to which the plaintiffs subjected themselves in accepting employment under the terms of the contracts, the Circuit Court was without jurisdiction to hear and determine the various causes of action. Northern States Contracting Co. et al. v. Swope, Judge, 271 Ky. 140, 111 S.W.2d 610. Rehearing having been denied, petitions for appeal were filed with the Supreme Court of the United States on behalf of the intervenors. They were granted but were subsequently dismissed for want of jurisdiction, whereupon, the court treated the appeal papers as petitions for writs of certiorari, and denied certiorari. Anderson et al. v. Northern States contracting Co. et al., 305 U.S. 566, 567, 59 S.Ct. 143, 83 L.Ed. 357.

The plaintiffs in the present case are not identical with those whose intervening petition was denied by the Kentucky Court of Appeals. They are, however, of the same class, their claims are similar and are based upon the same contentions as to the effect of the agreements upon which they sue. Although no question of federal jurisdiction is now pressed, we must, of our own motion, note it. As observed by the District Judge in denying the petition to remand, the controlling object of the actions against the sureties is the enforcement of liability upon the bonds executed for the common benefit of all persons employed by the contractors. While the claims of individual plaintiffs are not in amount sufficient to give the court jurisdiction, yet there is involved a fund common to all plaintiffs and others of the class on behalf of which they sue, and this fund being in excess of $3,000, exclusive of interests and costs, jurisdiction appears. There was no error in denying the petition to remand and assuming jurisdiction. Handley v. Stutz, 137 U.S. 366, 11 S.Ct. 117, 34 L.Ed. 706; Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870; McDaniel v. Traylor, 196 U.S. 415, 25 S.Ct. 369, 49 L.Ed. 533; Troy Bank v. G. A. Whitehead & Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81.

The first challenge to the order of dismissal is the contention that the city manager of Lexington was without constitutional authority to give approval to the grant agreements between the city and the United States, embodying the provision, the effect of which is here denied and which reads: "The Board of Labor Review shall hear all labor issues arising under the operation of this contract and as may result from fundamental changes in economic conditions during the life of this contract. Decisions of the Board of Labor Review, including decisions as to its jurisdiction to act upon the application of persons not parties to this contract, shall be binding upon all parties." The simple and yet complete answer to this contention is that the appellants sue as third party beneficiaries of the contracts containing this provision. They are therefore bound by the terms of the contracts and may not challenge their validity. The principle is too elementary to require citation.

So with the contention that the controversy upon which the suit is based does not involve a labor issue within the meaning of the recited clause. The con-

troversy, however, involves a disputed classification of employees as skilled or unskilled, and the suit is primarily for the recovery of the difference in wages between those applicable to unskilled and those applicable to skilled labor. No rationalizing appears to be needed to reach a conclusion that a controversy involving wages is a labor issue. District Courts have generally found no difficulty in perceiving controversies of similar nature to involve labor issues. Montana State Federation of Labor et al. v. School District No. 1, D.C.Mont., 7 F.Supp. 82; United States for Use and Benefit of Boucher v. Murphy et al., D.C.Mich., 11 F.Supp. 572.

The contention that the provision of the contracts here involved be denied effect upon present issues because contrary to public policy and so invalid as a contract not to sue, or to sue only in certain courts, or to submit to judgment of nonjudicial bodies, must also be rejected. The assailed provision is not a covenant to surrender rights to submit justiciable issues to the adjudication of a court, and the cases cited in support of the principle invoked are not apposite. The clause contemplates no more than pursuit of contractual administrative remedy before seeking judicial aid, and bears analogy to arbitration agreements uniformly sustained and looked upon with favor by the courts.

Nor is there merit to the contention so vigorously urged in brief and argument, that the Board of Labor Review had no legal sanction because not the creature of an Act of Congress. Collateral attack as is made upon the existence of the Board and the limits of its authority, is beyond the purview of present decision. Even were we to assume the executive orders, delegation of functions and powers to the Federal Administration of Public Works, and regulations promulgated to bring the Board into existence, vulnerable to direct attack, the appellants sue upon a contract for their benefit which provides for submission to the Board of such controversies as may arise with respect to labor issues, and unless they have complied with the contract provisions and have submitted or have made good faith effort to submit their controversies to the Labor Board, they may not be heard in attack upon its powers or scope of jurisdiction. There was an agreement to submit controversies to it. For their decision it would derive powers from the agreement in-

voked, even if statutory authority be lacking. Likewise must be rejected the argument that the resolution, which limits the jurisdiction of the Labor Board to controversies arising during the life of the contract, terminates jurisdiction when the work is completed six months before suit is brought. The contract provision may not be vitiated by failure to invoke administrative determination, when no attempt to do so is alleged.

Finally, it is claimed that no Labor Board of Review existed to which controversies could have been submitted. We take judicial notice of executive orders creating the Board, and administrative action appointing its personnel. Indeed, it is not disputed that the Board in fact functioned in respect to the present contracts and conducted the hearing in Re Construction of Storm Sewer at Lexington, Kentucky, Docket No. 152. The District Court, in Montana State Federation of Labor v. School District No. 1, supra, appears to have had no difficulty in recognizing the existence of the Board. In fact, the allegations of the petition in the present case refute the contention that the Board of Labor Review was not in being, for in the petition it is alleged on behalf of the appellants, "they further state that from a careful and thorough search and the personal application at the office of the so-called Board of Labor Review and by telegram and communication they have discovered and allege the fact to be that the Board was given no jurisdiction save and except on those projects financed by the Administrator of Public Works from monies advanced by the United States Government or some subdivision thereof."

Without assuming that the decision of the Kentucky Court of Appeals in Northern States Construction Co. v. Swope, supra, is controlling upon us, we view its decision as sound and perceive no error in the dismissal of the present suit by the court below. The applicable principles are sufficiently discussed in Myers v. Bethlehem Corp., 303 U.S. 41 at page 50, 58 S.Ct. 459, 82 L.Ed. 638; Montana State Federation of Labor v. School District No. 1, supra; United States v. Murphy, supra. The law applied by the Kentucky Courts is in consonance. Norfolk & W. R. Co. v. Harris, 260 Ky. 132, 84 S.W.2d 69.

The order of the District Court is affirmed.