## MORRIS v. FRANKLIN FIRE INS. CO. OF PHILADELPHIA, PA.

### No. 10024.

Circuit Court of Appeals, Ninth Circuit.

Sept. 14, 1942.

Zuckerman & Stein and Arthur Edmund Stein, all of Los Angeles, Cal., for appellant.

Joseph F. Rank, of Los Angeles, Cal., for appellee.

Before WILBUR, STEPHENS, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This action is brought upon, or in connection with, a certain policy of fire insurance known as Furriers' Customers Basic Policy, dated September 14, 1939. The action, although the parties have not so treated it, is an action to reform the policy of insurance because of mistake and to enforce the policy as reformed by awarding to the customers the amount of their respective losses due to a fire occurring November 30, 1939. The policy as written and as set forth as an exhibit to the complaint does not, it is alleged, cover the loss suffered by any of the customers who were made defendants. It is only if the policy is reformed so as to cover all furs or garments trimmed with fur belonging to customers in possession of plaintiff that the policy can be realized upon. As written, the policy covers such goods only for which the plaintiff issues a receipt agreeing to effect insurance thereon for an agreed valuation.[1]

Jurisdiction is predicated upon diversity of citizenship and the jurisdictional amount of three thousand dollars. The plaintiff

---

[1] The complaint asks that the policy be revised by striking out the following provisions, to wit:

"This policy only covers Furs, or garments trimmed with Fur, being the property of customers, accepted by the Assured for storage, alteration, repairing, cleaning or remodeling, and for which the Assured issues a receipt under which the Assured agrees to effect insurance on the property.

"This Company shall not be liable hereunder for more than the amount stipulated in the Assured's receipt as applying to each respective article, whether on account of the Assured's legal liability or otherwise"

and to insert in lieu thereof the following provision:

"This policy only covers Furs, or garments trimmed with Fur, being the property of customers in the possession of plaintiff."

is a resident of California, the Insurance Company is a resident of Pennsylvania and the defendant customers are residents of California. The District Court dismissed the action for lack of jurisdiction, on September 24, 1941. The order granting the motion to dismiss stated the ground to be "no diversity of citizenship." The plaintiff on November 3, 1941, moved to vacate the order of dismissal and for leave to dismiss the action as to the defendants who were residents of California, moved for leave to amend his complaint to exclude them, and in default of such leave asked the court to realign the parties according to their interests. This motion was denied, and this appeal follows.

■ The policy was for $10,000 and $20,000. The alleged loss by fire was over $6000, and the entire amount of the loss is involved in the reformation of the contract. The following cases so clearly support this view that elaboration is unnecessary. Ackman v. Northern States Contracting Co., 6 Cir., 1940, 110 F.2d 774; C. E. Carnes & Co. v. Employers' Liability Insurance Co., 5 Cir., 101 F.2d 739; Mutual Benefit Health and Accident Ass'n v. Fortenberry, 5 Cir., 98 F.2d 570, and Ballard v. Mutual Life Ins. Co. of New York, 5 Cir., 109 F.2d 388. See, also, McDaniel v. Traylor, 196 U.S. 415, 25 S.Ct. 369, 49 L.Ed. 533.

### Citizenship of the parties.

In the case as brought, citizens of California were joined as defendants and this would defeat the jurisdiction of the federal district court in California unless by reason of their dismissal or the proper alignment of the parties and their interests the federal court has jurisdiction notwithstanding the fact that there was no diversity of citizenship in the parties as named in the complaint.

■ It should be observed that under the allegations of the complaint the only interest that any of the defendants, other than the insurance company, could have because of the loss would be in the reformation of the contract and its enforcement as reformed, because until the policy is reformed they could not recover on it regardless of the amount or circumstances of their loss. They should therefore be appropriately aligned on the side of the plaintiff. The court should either have permitted the dismissal of the case as to the customers who were defendants or without such dismissal have realigned the parties according to their interest. The applicable rule is stated in note, 28 U.S.C.A. § 41, sub. 1, note Annotation 648, as follows:

"648. Dismissal of parties whose presence would oust jurisdiction.—Where a federal court had jurisdiction of the subject-matter and the necessary parties, the bill could be dismissed as to any defendant who was not an indispensable party to the suit, whose presence would oust or restrict the jurisdiction or the right and be retained as to the other defendants. * * *

"In the determination of the jurisdiction of the national courts indispensable parties only should be considered, because all others may be dismissed or disregarded, if their presence would oust the jurisdiction of the court or restrict the right of the plaintiff."

Numerous authorities are cited. See, also, 25 Corpus Juris, p. 750, Federal Courts § 63, col. 1, par. 2, and note 73.

■ It is true that the customer defendants are proper parties and the ultimate judgment, if the contentions of the plaintiff are maintained, would be in their favor in several amounts none of which probably would equal the jurisdictional amount, or at any event it is not so alleged. This fact, however, does not make them necessary parties, because the policy could be reformed in their absence and a suit or suits at law brought upon the policy by the customer defendants covered by the reformed policy if they were so advised. The only indispensable parties to the action to reform the policy of insurance are the parties to that policy, and they are of diverse citizenship. The amount involved is at least the amount recoverable upon the policy, because of the loss, for in the absence of reformation it cannot be recovered at all.

The trial court should have exercised jurisdiction.

Reversed.