**ÆTNA INS. CO. et al. v. BUSBY.**

No. 598.

United States District Court
N. D. Alabama, Jasper Division.

Jan. 3, 1950.

J. S. Mead, Birmingham, Ala., for plaintiff.

Charles E. Tweedy, Jr., Jasper, Ala., for defendant Wilburn Busby.

William B. McCollough, Birmingham, Ala., for defendant Security Mut. Fire Ins. Co. of Alabama.

LYNNE, District Judge.

On June 3, 1949, plaintiffs, both non-resident corporations, filed their petition for declaratory judgment against the defendant Wilburn Busby, a resident of Alabama, and Security Mutual Fire Insurance Company of Alabama, a corporation domiciled within the State of Alabama. Each plaintiff had insured a building and its contents, owned by the defendant Busby, against loss by fire in the amount of $2500. The defendant, Security Mutual Fire Insurance Company of Alabama, had insured the same building and contents under two several policies, each in the amount of $1,000. In the policy issued by each plaintiff there is a provision limiting the total insurance on the insured property, including the total of the policies issued by plaintiffs, to the sum of $5,000. No such provision appears in the policies issued by the defendant, Security Mutual Fire Insurance Company of Alabama, but all of the policies include the conventional "pro rata clause." On October 23, 1948, the insured property was destroyed by fire and on April 1, 1949, the defendant Busby rendered to each insurer a proof of loss in an amount in excess of $8500.

Contending that the above mentioned total insurance clause constituted a war-ranty which was breached by the existence of insurance in excess of $5,000 and that such breach operated to forfeit the policy issued by each plaintiff, and aggregating the amounts of their several policies to arrive at the jurisdictional amount, plaintiffs petition the court to declare a forfeiture of each policy issued by plaintiffs or to ascertain the amount of the fire loss, which they claim was grossly exaggerated by defendant Busby in his respective proofs of loss, and to ascertain the amount which each plaintiff and defendant Security Mutual Fire Insurance Company of Alabama should contribute on account of the loss actually sustained by the insured.

On July 12, 1949, defendant Security Mutual Fire Insurance Company of Alabama filed its answer disclosing a community of interest between it and the plaintiffs in the subject matter of the litigation and joining in the plaintiffs' prayer for declaration and relief. On June 30, 1949, defendant Wilburn Busby moved to dismiss the action, to which motion nineteen separate grounds were assigned. On December 22, 1949, this cause was set down for hearing on defendant's motion to dismiss and in the course of arguments of counsel it was brought to the attention of the court that defendant Busby had instituted separate suit in the Circuit Court of Walker County, Alabama, in the county of his residence, against each plaintiff and against the defendant Security Mutual Fire Insurance Company of Alabama to recover on each of the above mentioned policies of insurance.

It became at once apparent that a realignment of the parties according to their sides in the dispute would oust the jurisdiction of the court; the determination of plaintiffs that Security Mutual Fire Insurance Company of Alabama should be a defendant ignored the reality that the litigious dispute was between the insured on the one side and all three insurers on the other.[1] Because defendant Security

1. Rule 19(a), Federal Rules of Civil Procedure, 28 U.S.C.A. Indianapolis et al. v. Chase National Bank, Trustee, et al., 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47;

Peters et al. v. Standard Oil Co. of Texas, 5 Cir., 174 F.2d 162; Hudson et al. v. Newell et al., 5 Cir., 172 F.2d 848; Metropolis Theatre Co. v. Barkhausen et al.,

Mutual Fire Insurance Company of Alabama became a plaintiff in the process of realignment and because there was lack of diversity of citizenship between such Alabama corporation and the defendant Busby, the defendant's motion to dismiss the action was sustained, but the original plaintiffs were permitted forthwith to amend their complaint, if they should be so advised, so that the jurisdiction of the court might be preserved. Thereafter, on December 23, 1949, the original plaintiffs were permitted to amend their complaint to strike Security Mutual Fire Insurance Company of Alabama as a party to this action. It is my opinion that such permission was granted properly under the prevailing weight of authority to the effect that where a suit is not maintainable in a Federal Court because one of plaintiffs is a citizen of the same State as the defendant, such jurisdictional defect may be removed by dismissal of the action as to such plaintiff, unless he is an indispensable party to the litigation.[2] My conclusion was that defendant, Security Mutual Fire Insurance Company of Alabama, was not an indispensable party but merely a proper party.[3] Hence the allowance of the amendment.

Thereafter, the defendant Busby renewed his motion to dismiss, insisting vigorously that this court, in the exercise of its discretion, should stay its hand and refuse to entertain the amended action.

■ First. It is logical and proper to inquire into the jurisdiction of the court as it is invoked by the amended complaint. While the face amount of the policy issued by each plaintiff is only $2500, it is my opinion that the two policies may be aggregated for jurisdictional purposes because of the obvious community of interest existing between the two plaintiffs.[4]

■ Second. This court is cognizant of jurisdiction conferred upon it by the Federal Declaratory Judgment Act, T. 28 U.S. C.A. §§ 2201 and 2202, and is aware that it is under no compulsion to exercise that jurisdiction, but that defendant's motion to dismiss the bill is addressed to the discretion of the court.[5] No useful purpose would be served by attempting an analysis of the vast array of learned opinions which have considered the District Court's discretion in such cases. However, since I am constrained to grant defendant's motion to dismiss the action, I deem it appropriate to enumerate the factors which I consider relevant to the exercise of my discretion:

■ 1. The Federal Declaratory Judgment Act was designed to afford a new form of relief, not to furnish a new choice of tribunals nor to draw into Federal

7 Cir., 170 F.2d 481; Thomas v. Thomas et al., 5 Cir., 165 F.2d 332; American Fidelity & Casualty Co. v. Service Oil Co., 4 Cir., 164 F.2d 478; McComb v. McCormack, 5 Cir., 159 F.2d 219; State Farm Mutual Automobile Ins. Co. v. Edward Hugee et al., 4 Cir., 115 F.2d 298, 132 A. L.R. 188; Jordan v. Marks, 5 Cir., 147 F.2d 800; Dilatush v. Highfill, 8 Cir., 140 F.2d 741; Thomson v. Butler, 8 Cir., 136 F.2d 644; Glens Falls Indemnity Co. v. Fredericksen, D.C., 8 F.R.D. 55; B. J. Van Ingen & Co., Inc., v. Burlington County Bridge Commission et al., D.C., 83 F.Supp. 778; Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 174 F.2d 788.

2. Drumright et al. v. Texas Sugarland Co. et al., 5 Cir., 16 F.2d 657; Anglo-California Nat. Bank v. Lazard, 9 Cir., 106 F.2d 693; Morris v. Franklin Fire Ins. Co. of Philadelphia, Pa., 9 Cir., 130 F.2d 553; Alderman et al. v. Elgin, J. & E. Ry., 7 Cir., 125 F.2d 971; London et al. v. Kingsley, D.C., 81 F.Supp. 83.

3. Firemen's Fund Ins. Co. et al. v. Crandall Horse Co. of Buffalo, New York, D.C., 47 F.Supp. 78. In a well considered opinion the court thoroughly discusses the proposition and cites and distinguishes pertinent authorities. See Vol. 6, Section 2126, Cyclopedia of Federal Procedure, 2d Edition, and related sections.

4. Jamerson v. Alliance Ins. Co., 7 Cir., 87 F.2d 253; Pac. Fire Ins. Co. v. Anderson Co., D.C., 42 F.Supp. 917; Firemen's Fund Ins. Co. v. Crandall Horse Co., supra; Equitable Life Assur. Soc. v. Wert, 8 Cir., 102 F.2d 10; Home Ins. Co. v. Trotter, 8 Cir., 130 F.2d 800; Rainier Nat. Park Co. v. Martin, D.C., 18 F.Supp. 481, 485.

5. Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620.

508

courts the adjudication of causes properly cognizable by courts of the States.[6]

■■■ 2. The claims sought to be adjudicated by the plaintiffs in this suit for a declaratory judgment can be adjudicated adequately in the suits pending against them in the State court, to which reference is made hereinabove. While the availability of the remedy in the State court suits does not defeat the jurisdiction of this court, it has a bearing upon the exercise of discretion to observe that the only effect of granting the relief for which plaintiffs pray would be to drag into this court the trial of causes properly pending in the Circuit Court of Walker County, Alabama, which are not subject to removal.[7]

3. A judgment in this case would not achieve the result of clarifying and settling the legal relations in issue. I fail to see where it would serve a sensible end to permit a plaintiff to appear as equitable actor and initiate pleadings for an autonomous declaration that it has a good defense to its opponent's pending or imminent action in a State court. The avowed purpose of plaintiffs in petitioning for declaratory relief is to anticipate and have determined the validity of defenses which palpably would be asserted in a threatened action in the State court.[8]

■■■ 4. It would appear that it would make no difference that an action in the State court was merely imminent and not actually pending at the time the threatened defendant acted to invoke the jurisdiction of this court to grant declaratory relief.[9]

A practical consideration frames the necessity for the withholding of declaratory relief in litigation involving claims on fire insurance policies in the interest of comity between State and Federal courts in Alabama. That fire insurance policy is an actuarial curiosity which does not contain some clause or provision the effect of which is to postpone the right of the insured to sue on the policy after he has sustained a fire loss until after a proof of loss has been submitted and for some specified period of time thereafter. In Alabama if an insured rushes into his own State court within the proscribed period, he is met at the threshold with a maintainable claim of prematurity of action which will serve to abate the suit.[10]

To permit two or more insurers, each of whose contracts involves a liability of less than $3,000, to aggregate their policies, to preempt the field of litigation, and to invoke the jurisdiction of the Federal court at a time when the insured cannot sue anywhere, for the real, if not apparent, purpose of reposing the action in the Federal court, to which the suit of the insured could not be removed for lack of jurisdictional amount, and for the avowed purpose of presenting defenses to liability which could be fully asserted and adjudicated in a direct suit on the policy in the State court, offends my sense of propriety.

■■■ 5. No consideration was given to the feasibility of staying the action in this court until after the final disposition of the State court suits for the reason that in Alabama, unlike in other jurisdictions, the pendency of the instant action in this court may be pleaded successfully in abatement of the State court actions.[11]

Accordingly a judgment dismissing plaintiffs' action may be presented and entered.

6. Maryland Casualty Co. v. Boyle Construction Co., 4 Cir., 123 F.2d 558, 563.

7. Maryland Casualty Co. v. Boyle Construction Co., supra.

8. Aetna Casualty and Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 325; Borchard, Declaratory Judgments, 110.

9. Cf. Crosley Corp. v. Westinghouse Elect. & Manufacturing Co., 3 Cir., 130 F.2d 474.

10. Westchester Fire Ins. Co. of New York v. Green, 223 Ala. 121, 134 So. 881.

11. Watson v. Mobile & Ohio R. R. Co., 233 Ala. 690, 173 So. 43; Interstate Chemical Corp. v. Home Guano Co., 199 Ala. 583, 75 So. 166.