**HUTCHISON v. FULTON et al.**

Civ. A. No. 7403.

United States District Court
N. D. Alabama, S. D.

Dec. 29, 1953.

Pritchard, McCall & Jones, Winston B. McCall and Victor H. Smith, Birmingham, Ala., for plaintiff.

Handy Ellis, Frank Head, Columbiana, Ala., and Memory L. Robinson and Reid B. Barnes, of Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for defendants.

GROOMS, District Judge.

This case is submitted on motions of Bell J. Fulton, J. A. Hines, and Lizzie Snow to dismiss the complaint.

W. A. Fulton died testate, devising all his property to his wife, Bell J. Fulton, during her life, vesting her with power to sell and convey same without order of court, and to use the income therefrom or any part of the corpus for her support and maintenance. An undivided one-half interest in any residue of the estate or proceeds from the sale of property remaining at the time of his wife's death was bequeathed to the testator's lawful heirs. The other undivided one-half interest was bequeathed to the lawful heirs of the testator's wife. The widow was nominated as executrix and duly qualified. Plaintiff, Anna Belle Fulton Hutchison, a citizen of Tennessee, and the defendant, Katherine Fulton Bowman, a citizen of Florida, are sisters of the testator and of the defendant, Cleedy H. Fulton, a citizen of Alabama. The defendants, Lizzie Snow and Bell J. Fulton, are sisters and are citizens of Alabama. The defendant Hines is also a citizen of Alabama.

The plaintiff avers that the widow is vested with a life estate only and is a trustee of the corpus, and of any sales and reinvestments of the proceeds, for the benefit of the plaintiff and of the other heirs of the testator and his widow, and that the widow should be required to keep a strict and accurate account of the sales of the property or any investment or reinvestment thereof, and the disposition by her of the proceeds of such sale. There are also averments that in May, 1953, the widow conveyed certain real property to the defendant Hines for a consideration of $35,000, one-half of which was secured by a mortgage; that the conveyance was made by the widow individually and conveyed only such life estate as she possessed, that the remainder interest therein vested in the heirs of the testator and the widow, or that in the alternative the cash received, the notes evidencing the remainder of the purchase price, and the mortgage secur-

ing the same, are assets of the estate as to which the widow is the trustee; and that certain bank deposits credited to the individual account of the widow were likewise assets of the estate and as such are subject to the terms of the will. There is the general averment that the defendants, or some one of them, controvert the foregoing allegations of the bill. A construction of the will, with accompanying declaratory judgment and accounting, is sought.

The motions to dismiss aver that the court is without jurisdiction of the subject matter due to the fact that when all parties are realigned as plaintiffs or defendants, according to their real interest in the controversy, diversity is not complete.

When the jurisdiction of the court rests on diversity of citizenship, diversity must be complete. To determine completeness, the parties will be aligned as plaintiffs or defendants according to their real interest in the controversy. If following proper alignment citizens of the same state are on opposite sides of the dispute diversity is incomplete and jurisdiction is lacking. If the realigned party is an indispensable one, the defect is fatal and cannot be removed by an amendment striking such party. Aetna Ins. Co. v. Busby, D.C.Ala., 87 F.Supp. 505, and cases there cited. The question of indispensable parties, being inherent in the issue of jurisdiction, should be determined at the outset on the motions to dismiss and should not await a decision on the merits. Calcote v. Texas Pac. Coal & Oil Co., 5 Cir., 157 F.2d 216, 167 A.L.R. 413.

The interests of the defendants, Cleedy H. Fulton and Lizzie Snow, are identical with those of the plaintiff and are adverse to those of the defendant, Bell J. Fulton. All three defendants, as noted, are residents of Alabama. If Cleedy H. Fulton and Lizzie Snow are indispensable parties, the motions to dismiss should be granted without leave to amend, otherwise with leave to amend.

There is, of course, no prescribed formula for determining in every case whether a particular person is an indispensable party. It is the relief sought that determines indispensability.

In Stevens v. Smith, 6 Cir., 126 F. 706, legatees and distributees of a testator were held to be indispensable parties to a suit by an heir at law to obtain a construction of the will. By such construction the plaintiff sought to have a large number of the provisions of the will declared invalid. In Dallas Bank & Trust Co. v. Holloway, D.C.Tex., 50 F.2d 197, the court held that all beneficiaries under a will are indispensable parties to a suit for its construction. On the contrary, in De Korwin v. First National Bank, 7 Cir., 156 F.2d 858, it was held that an heir was not an indispensable party to an action to construe a will, or to an action of another heir against an administrator for an accounting.

Though not directly involving the construction of a will, the case of Young v. Powell, 5 Cir., 179 F.2d 147, 150, certiorari denied 339 U.S. 948, 70 S.Ct. 804, 94 L.Ed. 1362, merits serious consideration, if on principle it is not here determinative of the instant controversy. In that case the action was brought by a nonresident residuary legatee against a resident residuary legatee and executor under the will to set aside gifts of cash and land the decedent had made to the defendant. Other legatees were not joined. The estate was not represented in the suit by an administrator *ad litem*. The complaint alleged that the gifts were void for undue influence on and lack of mental capacity of deceased, and sought a judgment declaring them null and void, and requiring the defendant to account to the plaintiff for the moneys, and to pay them to the estate for distribution to those entitled under the will. In answering appellee's contention that those legatees that were not made parties could be dispensed with because the relief prayed for was for the benefit of the estate and such legatees, the court said:

"The cases appellee cites in support of his view (Payne v. Hook, 7 Wall. 425, 74 U.S. 425, 19 L.Ed. 260; Waterman v. Canal-Louisiana Bank

& Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80; Seeley v. Cornell, 5 Cir., 74 F.2d 353),[1] that he may sue alone, are not in point on their facts here. They are all cases where plaintiff sued, not for the benefit of others but for himself, to recover for himself his separate and divisible share. He was not enforcing an indivisible right of an estate or of his co-heirs. Those cases did not hold that a court could proceed in the absence of indispensable parties. They held that because of the separate and divisible nature of the plaintiff's demand in the particular case and the fact that the relief sought could not, and did not affect the rights or liabilities of those not made parties, the cause could proceed to judgment and the relief sought could be granted, without their presence.

"No case is cited to us, we have found none, where, as here, one legatee has been allowed to maintain a suit, in behalf of the estate and all the legatees, to cancel completely in their interest, acts and instruments done and executed by the decedent, and, upon cancellation, to recover the entire property for the benefit of the estate. * * *

"The very frame of the complaint, of the prayer, and of the judgment on it, is conclusive of the non individual, the joint, nature of the suit and of the relief demanded, and that plaintiff was without right to maintain the suit."

In this case plaintiff is not seeking to recover for herself a separate and divisible share, but is suing to enforce an indivisible right of an estate for the ultimate benefit of the remaindermen.

The court is of the opinion that Cleedy H. Fulton and Lizzie Snow are indispensable parties under the authorities referred to; that they have a joint interest with the plaintiff within the purview of Fed.Rules Civ.Proc. Rule 19, 28 U.S.C.A.,

and should be aligned with the plaintiff as parties plaintiff; that when so aligned, citizens of the same state are found to be on opposite sides of the controversy; and, therefore, complete diversity of citizenship is lacking, and the court is without jurisdiction. The motions to dismiss are well taken and a judgment of dismissal will be entered.

---

1. These cases were cited in De Korwin v. First National Bank, supra, as illustrative of analogous situations to those there presented to sustain the holding there made.