**In re SOUTHERN DISTILLERIES, a general partnership, d/b/a Southern Distilleries, Inc., Debtor.**

**Bankruptcy No. 82–00312.**

United States Bankruptcy Court, M. D. Alabama.

July 22, 1982.

James D. Farmer, Dothan, Ala., for petitioner Commercial State Bank.

James R. Seale, Montgomery, Ala., for petitioner Pillsbury.

Charles N. Parnell, III, Montgomery, Ala., for debtor in possession.

## ORDER

LEON J. HOPPER, Bankruptcy Judge.

This matter is now before the court on motions for declaratory judgment filed by Commercial State Bank of Donalsonville, Georgia, and by the Pillsbury Company of Minneapolis, Minnesota. Movants request this court to determine whether or not certain individuals are general partners in the debtor, Southern Distilleries.

There is presently pending in the Circuit Court of Houston County, Alabama, Civil Action No. CV–82–125W, wherein the present movants are seeking to hold these individuals personally liable on claims against the partnership (the debtor). Accordingly, the issue presented here is already before the state court as its determination is a necessary finding in that case.

The Federal Declaratory Judgments Act, 28 U.S.C. § 2201, grants federal courts the power to issue such judgments upon controversies within their jurisdiction. The provisions of 28 U.S.C. § 1471 grant to the bankruptcy courts exercise of jurisdiction of "all civil proceedings arising under Title 11 or arising in or related to cases under Title 11." Title 11 constitutes the Bankruptcy Code.

Two questions are to be considered: does this court have jurisdiction over this matter and, if so, whether the court, in its discretion, should hear it or abstain.

In considering these questions, the court is not persuaded by the argument of the movants that a determination of this issue might be of some incidental value in the bankruptcy proceeding. If it should become necessary to decide the status of these individuals in the Chapter 11 proceeding, that determination can and will be made when it arises and for the limited purposes of the bankruptcy proceeding.

It appears from the motions and arguments of counsel that this issue arose within a state court action that is not directly related to the Chapter 11 case and does not affect the estate of the debtor. It is doubtful whether this matter falls within the meaning of "arising in or related to" as used in 28 U.S.C. § 1471.

In a recent decision, *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, —— S.Ct. ——, 102 S.Ct. 2859, 73 L.Ed.2d 598 (1982), the Supreme Court held that the broad grant of jurisdiction in 28 U.S.C. § 1471 violates Article III of the United States Constitution. While the Court stayed the effective date of its decision until October 4, 1982, it seems evident from the plurality opinion that actions of this type are not deemed to be within the jurisdiction of an Article I court. If there is jurisdiction in this court, the court feels that, in light of the *Northern Pipeline* decision, it should be exercised only under the most extraordinary circumstances.

Where the court does have jurisdiction under the Federal Declaratory Judgments Act, it is a matter of discretion whether to exercise it. In *Aetna Ins. Co. v. Busby*, 87 F.Supp. 505, the court stated:

The Federal Declaratory Judgments Act was designed to afford a new form of relief, not to furnish a new choice of tribunals nor to draw into federal courts the adjudication of causes properly cognizable by courts of the States.

Also see *Travelers Ins. Co. v. Davis*, 490 F.2d 536 (3rd Cir., 1974). Secondly, whether to exercise jurisdiction under 28 U.S.C. § 1471 is also discretionary with the court as subsection (d) directs that a bankruptcy court may, in the interest of justice, abstain from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

The issue presented here is obviously properly cognizable by the state court and should be decided there. If this court has jurisdiction, which is doubtful, it abstains.

In consideration of the reasons stated above,

It is ORDERED that the motions be and they are hereby denied.